368 So.2d 370 (1979)
William M. JOHNSON et al., Appellants,
v.
Karen L. SZYMANSKI, Formerly Karen L. Gochenour, Appellee.
No. 78-760.
District Court of Appeal of Florida, Second District.
February 9, 1979.
Rehearing Denied March 7, 1979.
Gerald W. Pierce, of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellants.
Jeffrey R. Garvin, of Moorey, Seals & Garvin, Fort Myers, for appellee.
SCHEB, Judge.
Appellants/defendants challenge a jury verdict in favor of appellee/plaintiff in a malpractice action, as well as the trial court's order denying their posttrial motion for a judgment notwithstanding the verdict. This appeal presents but one question: Did the trial court correctly apply the four-year limitation period in effect when the defendant doctor committed the malpractice, or should the court have applied the shorter two-year limitation period in effect when the plaintiff discovered the malpractice? We hold that the trial court should have applied the two-year limitation period in effect when the malpractice was discovered; therefore, we reverse.
On December 19, 1975, plaintiff Szymanski brought suit against defendant Johnson, an orthodontist, and his insurer claiming that she had been irreparably injured by following the defendant's recommendation that she have four teeth removed. The cause went to trial in February 1978. The evidence showed that the plaintiff began seeing the defendant about her orthodontical problems in April 1972. Acting on the defendant's advice, the plaintiff had the four teeth removed by an oral surgeon on June 30 of that year. The jury found the defendant guilty of malpractice and returned a verdict in favor of the plaintiff for $24,000. By special interrogatory the jury *371 found that plaintiff could not have reasonably discovered the defendant's malpractice before October 1973.
In the motion for a judgment notwithstanding the verdict the defendant alleged that the plaintiff's claim was barred by the statute of limitations. The defendant argued that the two-year limitation period of § 95.11(6), Fla. Stat. (1973) expired in October 1975, thereby barring the plaintiff's suit filed in December 1975. The plaintiff countered that the four-year limitation period of § 95.11(4), Fla. Stat. (1971) was applicable, making her suit timely. The trial court agreed with the plaintiff and denied the defendant's motion. This appeal ensued.
There is no dispute that the defendant's malpractice occurred before July 1, 1972, the effective date of the two-year limitation period for medical malpractice contained in § 95.11(6). Nor is it disputed that the plaintiff could not have reasonably discovered the defendant's malpractice before October 1973, after the effective date of § 95.11(6).
Before July 1, 1972, medical malpractice actions sounding in tort fell under § 95.11(4), Fla. Stat. (1971), which provided a four-year limitation period for any action "not specifically provided for in this chapter." Manning v. Serrano, 97 So.2d 688 (Fla. 1957). In 1971 the legislature passed Ch. 71-254, Laws of Florida, which amended § 95.11[1] to read in pertinent part as follows:

Limitations upon actions other than the recovery of real property  Actions other than those for the recovery of real property can only be commenced as follows:
.....
(6) WITHIN TWO YEARS  An action ... to recover damages for injuries to the person arising from any medical, dental, optometric, [chiropodial], or chiropractic treatment or surgical operation, the cause of action in such cases not to be deemed to have accrued until the plaintiff discovers, or through use of reasonable care should have discovered, the injury. (Emphasis added.)
It is well settled that a shortened limitation period should not be given retroactive effect unless the legislature has expressed in "clear and explicit language" that such retroactive effect is intended. Foley v. Morris, 339 So.2d 215, 216 (Fla. 1976). Since Ch. 71-254 does not evince any legislative intent that it be applied retroactively, the two-year limitation period for medical malpractice should be given prospective effect only. Foley v. Morris, supra; Maltempo v. Cuthbert, 288 So.2d 517 (Fla.2d DCA 1974).[2]
The defendant contends that the statute of limitations does not attach when the act of malpractice occurs, as the trial court implicitly found; instead, he argues, it attaches when the plaintiff's cause of action "accrues," i.e., when the plaintiff discovers the defendant's malpractice.
We have found no Florida cases addressing the precise point here involved.[3] The defendant relies upon Stoner v. Carr, 97 Idaho 641, 550 P.2d 259 (1976). There the Stoners sued a doctor and others for medical malpractice. Their complaint alleged that the doctor had negligently left a needle in Mrs. Stoner's body during an operation in March 1971. A two-year limitation *372 period was in effect when the operation was performed; however, by the time the needle was discovered in 1973 a one-year limitation period was in effect. The one-year statute provided, as does § 95.11(6), that a cause of action does not accrue until the malpractice is discovered or should have been discovered. The majority of the Idaho court found that the date of accrual, i.e., the date of discovery, was the pivotal date when the applicable statute of limitations attached. The majority held that application of the one-year limitation period would not be retroactive because the plaintiffs' cause of action did not accrue until after the new statute became effective. A strong dissent argued that the pivotal date at which the limitation period attached was when the malpractice occurred, and not when it was discovered.
Florida, like Idaho, follows the "discovery rule," i.e., the limitation period does not begin to run until the plaintiff discovers the defendant's malpractice, or should have discovered it through the exercise of due diligence. This concept is statutorily embodied in § 95.11(6), which is expository of the prior decisional law of this state. Nardone v. Reynolds, 333 So.2d 25, 32 (Fla. 1976); City of Miami v. Brooks, 70 So.2d 306, 308-09 (Fla. 1954); see Smith v. Continental Insurance Co., 326 So.2d 189, 191 (Fla.2d DCA 1976).
The trial court in effect adopted the position of the dissent in Stoner. In support of the trial court the plaintiff argues that the limitation period attaches when the act of malpractice occurs, and that the discovery rule does nothing more than toll the running of the limitation period until the plaintiff discovers the malpractice. We cannot agree.
Plaintiff's argument is refuted by the express language of § 95.11(6), which says that a cause of action shall not "be deemed to have accrued" until the plaintiff discovers, or should have discovered, the act of malpractice. A cause of action accrues "when the plaintiff could first have maintained his action to a successful result . . when the person in whose favor it arises is first entitled to institute a judicial proceeding for the enforcement of his rights." 1 Am.Jur.2d Actions § 88 (1962) (footnotes omitted); see also Black's Law Dictionary 37 (4th ed. 1957). We agree with the Stoner majority that the date upon which the defendant's malpractice is discovered (or should have been discovered) by the plaintiff is the point at which the statute of limitations attaches. See also Von Villas v. Williams, 117 R.I. 309, 366 A.2d 545, 549 (1976); Dirksen v. Hynes & Howes Insurance Counselors, Inc., 423 F. Supp. 1290, 1294-95 (S.D.Iowa 1976). In the instant case the two-year limitation period of § 95.11(6) was in effect when the plaintiff should reasonably have discovered the defendant's malpractice (October 1973); therefore, we think that statute was controlling.
Accordingly, we reverse the trial court's final judgment entered on the jury's verdict and its order denying the defendant's motion for a judgment notwithstanding the verdict, and remand for entry of a final judgment in favor of the defendant and his insurer.
GRIMES, C.J., and HOBSON, J., concur.
NOTES
[1] § 95.11 has been substantially altered by the legislature since 1971. See Ch. 78-435, § 11, Laws of Fla. (effective November 1, 1978); Ch. 77-174, § 1, Laws of Fla. (effective August 2, 1977); Ch. 75-9, § 7, Laws of Fla. (effective May 20, 1975). However, none of these changes apply to the instant case.
[2] In Foley v. Morris, Maltempo v. Cuthbert, and the other cases dealing with § 95.11(6) the act of malpractice and the date by which the malpractice could have been reasonably discovered both occurred before the effective date of the statute. Each party points to certain language in these cases in support of his view. However, since these cases did not deal with this particular problem, we are not persuaded by these arguments.
[3] Two Florida cases appear to be factually on point. In both Hill v. Virgin, 359 So.2d 918 (Fla.3d DCA 1978) and Salvaggio v. Austin, 336 So.2d 1282 (Fla.2d DCA 1976) the defendant's malpractice occurred before the effective date of § 95.11(6), but was not discovered by the plaintiff until afterwards. In each case the court found § 95.11(6) applicable.