384 So.2d 1283 (1980)
DADE COUNTY, a Political Subdivision of the State of Florida, D/B/a Jackson Memorial Hospital, Petitioner,
v.
Isabel FERRO and Jorge Ferro, Respondents.
No. 57282.
Supreme Court of Florida.
June 12, 1980.
Michael J. Murphy, of Fowler, White, Burnett, Hurley, Banick & Strickroot, and James C. Blecke of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for petitioner.
Robert L. Parks and Joel D. Eaton, of Podhurst, Orseck & Parks, Miami, for respondents.
*1284 SUNDBERG, Justice.
Respondent Isabel Ferro, joined by her husband, Jorge Ferro, brought this medical malpractice suit seeking damages against Dade County d/b/a Jackson Memorial Hospital (Hospital) for alleged negligent radiation therapy treatments which were administered to Mrs. Ferro between December, 1970, and May, 1971. The treatment resulted in the permanent loss of the use of both of respondent's arms. Respondent discovered the alleged malpractice in September, 1975, and filed a medical mediation claim on April 27, 1977, within two years after discovery of the alleged malpractice but more than four years after the allegedly negligent treatment occurred.
The Hospital moved for a judgment on the pleadings, or in the alternative, a summary judgment, based on the affirmative defense of the statute of limitations contained in section 95.11(4)(b), Florida Statutes (1975), which requires that an action for medical malpractice be brought within four years from the time the incident giving rise to the action occurred. The trial court held that section 95.11(4)(b) (effective May 20, 1975) applied to the facts in this case but denied Hospital's motions on the ground that the statute unconstitutionally violates respondent's right of access to the courts for redress of any injury as guaranteed by article I, section 21, Florida Constitution. The trial court specifically found that the legislative findings contained in the preamble to The Medical Malpractice Reform Act of 1975 were insufficient to demonstrate an "overpowering public necessity" which would justify abolition of respondents' common-law rights. Petitioner, by certiorari, seeks review of the interlocutory order on the basis that the trial court passed upon the validity of the state statute and upon final judgment such action would be directly appealable to this Court. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
There are two issues presented by this petition for certiorari. First, whether the four-year absolute bar contained in section 95.11(4)(b), Florida Statutes (1975), is applicable to the facts of this case as found by the trial judge. Second, if applicable to this case, whether the four-year absolute bar to medical malpractice claims contained in section 95.11(4)(b) unconstitutionally denies a claimant access to the courts under article I, section 21 of the Florida Constitution. Because we resolve the first issue adversely to the ruling of the trial court, it is unnecessary to reach the second issue presented. Singletary v. State, 322 So.2d 551 (Fla. 1975); Re Estate of Sale, 227 So.2d 199 (Fla. 1969).
To assist in resolution of the question presented it is beneficial to review the history of chapter 95, Florida Statutes, as it pertains to the facts in this case. On the inclusive dates during which the alleged malpractice occurred, the applicable statute of limitations was section 95.11(4), Florida Statutes, which established a four-year limitation period for actions not otherwise specifically provided for in chapter 95. See Foley v. Morris, 339 So.2d 215 (Fla. 1976). The limitation period in medical malpractice actions, however, was measured from the date of discovery of or opportunity to discover the injury, through use of reasonable care. See Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976).
By chapter 71-254, Laws of Florida, effective July 1, 1972, section 95.11(6), Florida Statutes, was amended to impose a two-year statute of limitations for medical malpractice claims. It was provided therein that a "cause of action ... [for medical malpractice is] not to be deemed to have accrued until the plaintiff discovers, or through use of reasonable care should have discovered, the injury." (Emphasis supplied.) Apart from shortening the limitation period, this amendment essentially codified existing case law respecting the date upon which medical malpractice claims accrued. City of Miami v. Brooks, 70 So.2d 306 (Fla. 1954); Vilord v. Jenkins, 226 So.2d 245 (Fla. 2d DCA 1969). See Nardone v. Reynolds, supra.
Effective January 1, 1975, section 95.11(6) was amended and redesignated section 95.11(4), *1285 Florida Statutes, by chapter 74-382, Laws of Florida. The two-year limitation period for medical malpractice actions was brought forward, but the "accrual" language of the former section was modified to read that "the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence." See Brooks v. Cerrato, 355 So.2d 119 (Fla. 4th DCA 1978), cert. denied, 361 So.2d 831 (Fla. 1978).
The version of section 95.11(4), Florida Statutes, with which we are here concerned was the result of an amendment enacted by chapter 75-9, Laws of Florida, which became effective May 20, 1975. The pertinent portion of subsection (b) of section 95.11(4) provides:
(b) An action for medical malpractice shall be commenced within two years from the time the incident giving rise to the action occurred or within two years from the time the incident is discovered, or should have been discovered with the exercise of due diligence: however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.
Respondents assert that this provision contains two different limitation periods. The first is the classic limitation period which commences to run upon discovery of the injury (or ability to discover through the exercise of due diligence). The other limitation period is an "ultimate" or "final repose" provision which commences to run upon the date of the incident out of which the injury arose without regard to time of discovery. As noted, respondents' suit was filed within two years of the alleged discovery date but more than four years from the incident or occurrence.
It is maintained by respondents that since chapter 75-9 was enacted subsequent to the incident or occurrence out of which Mrs. Ferro's injury arose, application of the four-year repose provision to them would result in retroactive application. Since chapter 75-9 evidences no intent that it was meant to be retroactively applied, it cannot be applied to respondents under the rationale of Foley v. Morris, supra. Petitioner responds that chapter 75-9 is not a retroactive measure vis-a-vis respondents because their injury was not discovered until September 1975, and therefore no cause of action arose until after the effective date of that enactment (May 20, 1975). Based upon the decision in Johnson v. Szymanski, 368 So.2d 370 (Fla. 2d DCA 1979), the circuit judge agreed with petitioner and ruled that application of the statute to the facts of this case was prospective in nature.
We must respectfully disagree with the learned trial judge in his conclusion that Johnson v. Szymanski is controlling here. In that case the four-year statute of limitation was in force at the time the medical malpractice occurred; however, prior to discovery of the injury chapter 71-254, Laws of Florida, was enacted which imposed a two-year limitation period measured from the date the cause of action accrued. Accrual under that enactment was expressly linked to discovery of the injury or ability to discover the injury through use of reasonable care. The trial court in Johnson had concluded that the pivotal date at which the limitation period attached was the date the malpractice occurred, and not the date it was discovered. Consequently, the two-year statute was deemed retroactive as to the plaintiff and inapplicable. The district court of appeal recognized the rule of Foley v. Morris that a shortened limitation period should not be given retroactive effect unless the legislature has expressed such intent in "clear and explicit language." It concluded, however, that the cause of action did not accrue under the very terms of chapter 71-254 until the injury was or should have been discovered. It reasoned, then, that since the shortened statute of limitations did not attach until discovery, which in that case was subsequent to the effective date of the statute, no retroactive effect was involved in applying that shortened limitation period.
Conceding the correctness of the district court opinion in Johnson v. Szymanski, as *1286 do the respondents, it is distinguishable from the instant case in two particulars. First, the underlying basis for the decision was the express language of chapter 71-254 which stated that no cause of action accrued until discovery, and under the statute accrual of the cause of action was the only relevant measurement date. Second, and more important, that case did not deal with a "final repose" provision which is completely unrelated to discovery of the injury. While the date of discovery is entirely relevant in ascertaining the attachment date of a statute of limitations which measures from that date, it is equally irrelevant in ascertaining the attachment date of a statute of limitations which measures by its terms from the date of the incident giving rise to the injury. The only relevant date in the case of the latter type statute of limitations is the date of occurrence or incident. Consequently, while the reasoning of the district court in Johnson is applicable to the two-year limitation period of section 95.11(4)(b), that reasoning may not be extended to the four-year limitation period of the statute.
Petitioner next contends that Foley v. Morris, supra, is inapplicable to the facts of this case because there the cause of action accrued through discovery prior to the effective date of the shortened statute of limitations. The assertion is that no substantive rights accrue until the discovery takes place and, therefore, no retrospective consequences can flow from a shortened statute of limitations which is enacted prior to discovery. To support this proposition the following quotation from Foley is utilized:
Generally referring to the conceded authority of the Legislature to pass a statute of limitations or to change a period previously established by law and to make the changes applicable to existing causes of action so long as a reasonable time is permitted by the new law for commencing an action before the action is barred, we approve the following language from American Jurisprudence:
"Where the legislature has not sufficiently manifested its intent whether a statute of limitations should apply retrospectively or should apply prospectively only, the question is passed on to the courts to determine, as a matter of construction, in which of these ways the statute should apply. In most jurisdictions, in the absence of a clear manifestation of legislative intent to the contrary, statutes of limitation are construed as prospective and not retrospective in their operation, and the presumption is against any intent on the part of the legislature to make such a statute retroactive. Thus, rights accrued, claims arising, proceedings instituted, orders made under the former law, or judgments rendered before the passage of an amended statute of limitations will not be affected by it, but will be governed by the original statute unless a contrary intention is expressed by the legislature in the new law." 51 Am.Jur.2d § 57, Limitation of Actions.
339 So.2d at 217. Petitioner emphasizes the term rights accrued under the former law and concludes that the rule of Foley only applies to causes of action which have accrued through discovery and are, therefore, vested prior to enactment of the shortened statute of limitations. There are at least three flaws in this argument.
First, the quoted passage from American Jurisprudence refers to "rights accrued, claims arising, proceedings instituted, orders made under the former law, or judgments rendered before the passage of an amended statute of limitations." It is not limited to rights accrued in the sense of the accrual of a cause of action. Where a statute of limitations is measured by occurrence rather than accrual of a cause of action it must be assumed that some claim arose upon the occurrence of the event causing injury.
Second, the penultimate paragraph of the opinion in Foley states:
Since the legislative intent to provide retroactive effect to Section 95.11(6), Florida Statutes, is not express, clear, or manifest, we conclude that it does not *1287 apply to causes of action occurring prior to its effective date.
339 So.2d at 217 (emphasis supplied). If the decision was limited to situations where a cause of action had "accrued" prior to the effective date of the shortened statute, it is unlikely that Justice Drew would have utilized the term "occurring."
Last, such a limited construction of the Foley decision simply would make no sense when dealing with a statute of limitations which measures from the date of the occurrence or incident. Not only is the date of discovery and accrual irrelevant to such a statute, but application of that date to a case such as this achieves the absurd result of extinguishing a cause of action at the very time the act first became effective. In Maltempo v. Cuthbert, 288 So.2d 517 (Fla. 2d DCA 1974), cert. denied, 297 So.2d 569 (Fla. 1974), the district court expressly refused to countenance such a result by retroactively applying the shortened statute of limitations:
If we were to answer the certified question affirmatively, we would be holding that the plaintiff's cause of action expired at the very time the act first became effective. We hold that this result should not obtain and, therefore, answer the certified question in the negative.
288 So.2d at 520. Maltempo was discussed and approved in Foley.
Accordingly, we hold that section 95.11(4)(b), Florida Statutes (1975), evinces no express, clear or manifest intent that it be applied retroactively and, therefore, the four-year limitation period contained therein may not be applied to a medical malpractice claim where the occurrence or incident out of which the claim arose predates the effective date of the statute.
For the reasons expressed herein the order of the trial court is affirmed.
It is so ordered.
ENGLAND, C.J., and ADKINS, OVERTON and ALDERMAN, JJ., concur.
BOYD and McDONALD, JJ., dissent.