PER CURIAM.
This cause is before us on appeal and cross appeal from orders of the deputy commissioner granting medical costs, temporary total disability benefits, and wage-loss benefits.
Claimant Ines Molano, a seamstress, injured her back, shoulders, neck, and collarbone while working for the employer, Spen-co Industries, on September 24, 1984. Subsequently, employer’s carrier went bankrupt. Without explanation, the employer/carrier stopped paying compensation benefits on or about September 20, 1985. On May 5, 1986, claimant filed a claim for benefits. A hearing held on her claim was continued with the court’s instruction to the parties to work out their differences. No settlement was made. Subsequently, claimant was treated for carpal tunnel syndrome, an injury to the hands which develops over years. At a second hearing based on claimant’s May 11,1986 claim, the deputy found claimant’s injuries, including her carpal tunnel syndrome, were related to the industrial injury of September 24,1984. In her order of December 22,1987, the deputy required the employer/carrier to pay outstanding medical costs, temporary total disability benefits, wage-loss benefits, and legal fees.
The employer/carrier appeals on four issues: (1) whether competent, substantial evidence supports the deputy’s finding that claimant’s symptoms were directly related to the accident; (2) whether claimant’s work search constituted competent, substantial evidence sufficient to support an award of wage-loss benefits; (3) whether the deputy erred in finding the 1987 amendment to Section 440.02(21), Florida Statutes, is substantive in nature and cannot be applied retroactively; and (4) whether the deputy erred in awarding temporary total disability benefits for a period which the parties had stipulated the benefits had already been paid. Claimant cross-appeals, contending the deputy erred in failing to award bad-faith penalties and interest to claimant. We affirm in part and reverse in part.
We affirm the first three issues and find only the fourth issue and cross appeal merit discussion. Where the parties have stipulated as to a time period in which benefits have been paid, the deputy erred in awarding benefits for that period. The order in the present case awarded temporary total disability benefits for a period which the parties stipulated benefits had been paid. We accordingly reverse and remand the order for correction consistent with the stipulation agreement.
We find claimant’s cross appeal raises valid arguments justifying an award of bad-faith penalties and interest. Claimant filed a claim for bad faith at the initial hearing; however, the deputy did not address her claim as required by Section 440.-20(7), Florida Statutes (1984). Claimant contends she is entitled to interest and penalties pursuant to Sections 440.20(7) and 440.20(9). An award of interest on the amount of benefits that should have been paid is automatic if the employer/carrier unsuccessfully controvert a claim. Poole & Kent Company v. Asbell, 394 So.2d 1112 (Fla. 1st DCA 1981); see also King v. Lord Colony Enterprises, 400 So.2d 856 (Fla. 1st DCA 1981). Although the Florida Insurance Guaranty Association (FIGA) is ex *1018 empt from payment of prejudgment interest and penalties, the employer may not use the carrier’s exemption as a shield to avoid its own liability. Section 440.20(7) allows penalties to be brought against the employer or carrier depending on fault. Any interest which FIGA, as the successor of a workers’ compensation carrier at risk which has gone into liquidation, is not required to pay must be born by the employer. Carballo v. Warren Manufacturing Company, 407 So.2d 603 (Fla. 1st DCA 1981). In Section 440.20(9), Florida Statutes, likewise, the statute provides that “if any installment for compensation is not paid when it becomes due, the employer, carrier, or servicing agent shall pay interest.”
In the present case, the employer unsuccessfully controverted a claim for benefits and is at fault for causing the delay in payment of those benefits. The employer never reassumed legal responsibility for payment of compensation when its carrier went bankrupt. It never gave a reason for the termination of compensation payments nor instructed FIGA to continue payments or to settle amicably after the court so instructed the parties. The employer/carrier bear the burden of proving that penalties are not due. All American Vending v. Kunzelman, 482 So.2d 609 (Fla. 1st DCA 1986). The employer failed to meet this burden and is liable for penalties in which it is at fault and for prejudgment interest which FIGA is not required to pay. Id.
Accordingly, we reverse and remand for proceedings consistent herewith.
BOOTH, SHIVERS and THOMPSON, JJ., concur.