REVISED OPINION
[Original Opinion at 14 F.L.W. 1347]
SHIVERS, Chief Judge.
The appellant/claimant in this workers’ compensation case, Ronald Anello, appeals an order in which the deputy commissioner determined the value of meals provided as a fringe benefit by the employer. The sole issue raised on appeal is whether the deputy commissioner correctly valued the meals at $2.00 per day (both the cost of the meals to the employer and the price charged to the residents of the convalescent home) or whether the meals should have been valued at $4.50 each (their cost on the open market).
This court has consistently held that the value of any non-cash benefit must be based on its fair market value to the employee (the cost the employee would have to pay to obtain the same or similar benefit no longer being furnished by the employer), and not on the cost of the benefit to the employer.[1] See, e.g., Mobley v. Winter Park Memorial Hospital, 471 So.2d 591 (Fla. 1st DCA 1985); Fair-Way Restaurant v. Fair, 425 So.2d 115 (Fla. 1st DCA 1982); Rhaney v. Dobbs House, Inc., 415 So.2d 1277 (Fla. 1st DCA 1982). The fact that the employer in the instant case was a convalescent home rather than a restaurant does not create a unique situation or require that a different valuation method be used. See Spencer v. Chai Convalescent Home, Inc., IRC Order 2-2768 (1975).
Accordingly, the order is reversed and the matter remanded for recalculation of average weekly wage and corresponding *1120 compensation rate in accordance with this opinion.
REVERSED and REMANDED.
SMITH and WIGGINTON, JJ., concur.

. The accidents in this case occurred on May 1 and October 15, 1986. We note that the accidents occurred prior to the effective date of Ch. 87-330, section 1, Laws of Fla., which changed section 440.02(21), Fla.Stat. in pertinent part to read: "In employment in which an employee receives consideration other them cash as a portion of this compensation, the reasonable value of such compensation shall be the actual cost to the employer."