571 So.2d 59 (1990)
GCC BEVERAGES and Liberty Mutual Insurance Company, Appellants,
v.
John F. SIMMONS and Dania F. Carillo, Director, State of Florida, Department of Labor and Employment Security, Div. of Workers' Compensation, Appellees.
No. 90-817.
District Court of Appeal of Florida, First District.
December 5, 1990.
Rehearing Denied January 9, 1991.
*60 Mark A. Massey of Daniel L. Hightower, P.A., Ocala, for appellants.
Rodney W. Smith, Alachua, for appellee Simmons.
Dania F. Carillo, Tallahassee, for appellee Div. of Workers' Compensation.
WENTWORTH, Judge.
Employer/carrier appeal a workers' compensation order by which claimant was awarded wage loss benefits. While claimant's monthly work searches varied in intensity, and were marginal at times, the evidence as a whole is sufficient to meet the burden imposed by section 440.15(3)(b)2, Florida Statutes (1987), as delineated in City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984), pet. for rev. denied 458 So.2d 271 (Fla. 1984), for wage loss benefits. Although claimant's work search encompassed only approximately half a dozen telephone contacts during the months immediately preceding the hearing, claimant noted that he was advised by employer/carrier that "they were not liable" for further compensation and that he "had no benefits." Claimant also explained that financial difficulties resulted in his vehicle being repossessed so that he had no transportation for an extensive work search during the months immediately preceding the hearing. However, during earlier months when transportation was available claimant made over 40 potential employment contacts, as well as repeated visits to rehabilitation/employment services. The 49-year-old claimant has a limited employment history consisting mainly of work as a truck driver and mechanic, and found that after the industrial injury he was unable to satisfactorily perform the physical duties of his former employment. Claimant applied for a variety of different jobs during his work search, and considering the totality of the circumstances there is sufficient evidence to support the judge's finding that claimant met his burden of demonstrating a causal connection between the industrial injury and the claimed wage loss.
Contrary to employer/carrier's contention, neither Rumph nor W.R. Grace & Co. v. Shaw, 497 So.2d 941 (Fla. 1st DCA 1986), establishes any absolute number of minimum or average monthly contacts as a threshold requirement for an adequate work search. The decisions of this court have cautioned against such a mechanical approach, emphasizing instead that the adequacy of a work search is a factual issue which is dependent upon the totality of circumstances, including quality and context as well as number of job contacts, in each case. See e.g., Paramount Poultry v. Mims, 472 So.2d 1281 (Fla. 1st DCA 1985); Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982), opin. on reh. en banc. Nor does the 1990 amendment to section 440.15(3)(b)2, by chapter 90-201, Laws of Florida (1990), which prescribes a minimum of five job contacts in each bi-weekly period during a work search, alter the result in this case. Even if the amendment were to be construed as creating a numerical threshold requirement, such a substantive amendment would not be applicable *61 to this claimant who was injured in 1987, before the effective date of the amendment. Cf., Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960).
The order appealed is affirmed.
JOANOS and ALLEN, JJ., concur.