590 So.2d 1037 (1991)
FLORIDA COMMUNITY HEALTH CENTER and Florida Insurance Guaranty Association, Appellants,
v.
Annie Sue ROSS, Appellee.
No. 91-145.
District Court of Appeal of Florida, First District.
December 17, 1991.
*1038 Patrick J. Malone of Vernis and Bowling, P.A., Jupiter, for appellants.
Daniel J. Sullivan, Miami and Laurence F. Leavy, North Miami Beach, for appellee.
SMITH, Judge.
The employer, Florida Community Health Center, and Florida Insurance Guaranty Association (FIGA) appeal an order of the Judge of Compensation Claims (JCC) determining claimant's average weekly wage (AWW) and awarding claimant permanent total disability (PTD) benefits and wage loss benefits for two two-week periods, with interest. Because the JCC increased claimant's AWW, the employer and FIGA were ordered to adjust all past due compensation benefits, and pay penalties and interest. We affirm the JCC's order with one exception. Section 631.57(1)(b), Florida Statutes (1989), prohibits the award of prejudgment interest and penalties against FIGA. Accordingly, that portion of the order awarding penalties and interest against FIGA is reversed and the cause is remanded to the JCC for further proceedings.
The JCC's determination that claimant is PTD is based upon considerable evidence in the record. Although claimant is capable of light duty employment, she performed a lengthy and exhaustive job search and was unable to obtain employment within her limitations, thereby proving her total disability. H.S. Camp & Sons v. Flynn, 450 So.2d 577 (Fla. 1st DCA 1984). Contrary to appellants' assertions, we find that the 1990 amendment to section 440.15(1)(b) requiring a 100 mile work search is not applicable. See GCC Beverages v. Simmons, 571 So.2d 59 (Fla. 1st DCA 1990) (1990 amendment to section 440.15(3)(b)2. prescribing a minimum of five job contacts in each biweekly period *1039 was a substantive amendment which would not be applicable to an earlier injury); see also City of Clermont v. Rumph, 450 So.2d 573, n. 4 (Fla. 1st DCA 1984), petition for review denied 458 So.2d 271 (Fla. 1984) (even procedural burden of proof enactments may not be applicable to periods of claimed wage loss occurring prior to enactment's effective date). Similarly, in calculating claimant's AWW, the JCC did not err in refusing to apply the 1987 amendment to section 440.02, regarding evaluation of non-cash compensation, to this 1984 accident. Anello v. Friendship Village Convalescent Home, 546 So.2d 1119 (Fla. 1st DCA 1989); and Recon Paving, Inc. v. Cook, 439 So.2d 1019 (Fla. 1st DCA 1983).
However, section 631.57(1)(b) prohibits the award of prejudgment interest and penalties on the adjustment of AWW against FIGA, which took over management of this claim in 1987 after the employer's workers' compensation carrier became insolvent. Spenco Industries v. Molano, 537 So.2d 1016 (Fla. 1st DCA 1988); and Carballo v. Warren Manufacturing Co., 407 So.2d 603 (Fla. 1st DCA 1981). Claimant argues that while section 631.57(1)(b) provides that FIGA is not subject to penalties and interest, this statute can be construed as meaning simply that FIGA is not responsible for penalties and interest caused and incurred by the employer before FIGA took over. Because FIGA is responsible for attorney's fees based upon its own bad faith handling of claims after it assumed responsibility, claimant contends that it should also be responsible for penalties and interest which were caused by FIGA's mishandling of the claim directly. In making this argument, claimant overlooks that in Florida Insurance Guaranty Association v. Renfroe, 568 So.2d 962 (Fla. 1st DCA 1990) wherein this court affirmed an award of bad faith attorney's fees against FIGA, this court expressly premised its holding upon a finding that attorney's fees are not a penalty so that the proscription of section 631.57(1)(b) did not apply. Nevertheless, although we find that the award of pre judgment interest and penalties is improper, nothing prevents an award of interest on compensation benefits not paid after final judgment is entered. Carballo, 407 So.2d at 607 citing Florida Insurance Guaranty Association v. Gustinger, 390 So.2d 420 (Fla. 3d DCA 1980).
Although FIGA cannot be required to pay prejudgment interest and penalties, the employer may be held liable in FIGA's stead. In the case of penalties, section 440.20(7) awards penalties against the employer or carrier depending upon fault. Further, the order awarding such penalties should contain sufficient findings of fact and conclusions of law supporting their imposition. Jupiter Marine v. Spoelstra, 528 So.2d 1270 (Fla.1st DCA 1988). Any interest award which FIGA, as the successor of a workers' compensation carrier at risk which has gone into liquidation, is not required to pay, must be paid by the employer. Spenco Industries, 537 So.2d at 1018.
The order on appeal does not contain sufficient findings by the JCC that the employer had sufficient control over the conditions resulting in nonpayment so as to justify an award of penalties against the employer. Accordingly, the cause will be remanded for further proceedings regarding this point.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
MINER and WEBSTER, JJ., concur.