599 So.2d 1353 (1992)
Lester LITVIN, Appellant,
v.
ST. LUCIE COUNTY SHERIFF'S DEPARTMENT and Crawford & Company, Appellees.
No. 91-1598.
District Court of Appeal of Florida, First District.
May 15, 1992.
Rehearing Denied June 18, 1992.
Jerold Feuer, Miami, for appellant.
James T. Walker of Brennan, Hayskar, Jefferson & Gorman, P.A., Ft. Pierce, for appellees.
Robert A. Butterworth, Atty. Gen., and Kathleen E. Moore, Asst. Atty. Gen., Tallahassee, for State of Fla. as amicus curiae.
*1354 ALLEN, Judge.
The claimant appeals a workers' compensation order by which he was awarded compensation which included wage loss benefits commencing on November 6, 1990. The claim for wage loss prior to that date was denied, based on the absence of an adequate job search and the application of section 440.15(3)(b)2, Florida Statutes (1990). We conclude that the employer/servicing agent's failure to properly notify the claimant of a job search responsibility precludes the denial of benefits prior to July 1, 1990, when the amended version of section 440.15(3)(b)2 became effective.
The claimant sustained injuries in three separate industrial accidents. When the injuries from the last accident led to medical restrictions as to the claimant's work activities, the employer terminated the claimant's employment. The employer/servicing agent failed to inform the claimant that a job search might be required to obtain wage loss benefits after the last accident. The job search notice which was provided upon one of the earlier accidents, at a time when the claimant continued working for the employer, does not obviate the employer/servicing agent's obligation to furnish the necessary wage loss and job search information with regard to the last accident.
The employer/servicing agent's obligation to properly notify and inform the claimant of his rights and responsibilities is an aspect of the self-executing nature of the Workers' Compensation Law, and the employer/servicing agent's failure to comply with this obligation may relieve the claimant of a job search responsibility. See e.g., Morris v. Metal Industries, 491 So.2d 312 (Fla. 1st DCA 1986). Although the circumstances still must demonstrate the necessary causal connection between the claimant's injury and the wage loss, see Burger King v. Nicholas, 580 So.2d 656 (Fla. 1st DCA 1991), the judge found such causation in awarding benefits for wage loss when the claimant eventually performed an adequate job search after November 6, 1990. The absence of an adequate job search during earlier periods does not preclude an award of benefits for wage loss which occurred prior to July 1, 1990, when an amendment to section 440.15(3)(b)2 became effective.[1]
As amended, section 440.15(3)(b)2 now provides, in part, that:
Wage-loss forms and job search reports are to be mailed to the employer, carrier, or servicing agent within 14 days after the time benefits are due. Failure of an employee to timely request benefits and file the appropriate job search forms showing that he looked for a minimum of 5 jobs in each biweekly period (unless a judge of compensation claims determines fewer job searches are justified due to the availability of suitable employment) after the employee has knowledge that a job search is required, whether he has been advised by the employer, carrier, servicing agent, or his attorney, shall result in benefits not being payable during the time that the employee fails to timely file his request for wage loss and the job search reports.
This amendment alters the prior case law which established that, if the employer/carrier/servicing agent did not furnish the pertinent information and forms, an untimely filing would be excused, see e.g., *1355 Gall Silica Mining Co. v. Sheffield, 401 So.2d 1169 (Fla. 1st DCA 1981), and a claimant would be relieved of any job search requirement despite having actual knowledge of this responsibility through the advice of an attorney. See e.g., Morris. The amended version of section 440.15(3)(b)2 now predicates a claimant's job search responsibility upon actual knowledge, which was furnished through the advice of the claimant's attorney in the present case. We reject the claimant's contention that the amended statute offends the attorney-client privilege, or that it violates the constitutional rights of equal protection and access to the courts. We likewise reject the claimant's further contention that the amended statute may not be applied in this case where the accidents occurred before the effective date of the amendment.
It is a well-established principle that the Workers' Compensation Law creates a contractual obligation between the involved parties, so that their substantive rights become fixed at the time of the accident and injury. See Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977); Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960). However, the application of procedural amendments such as burden of proof enactments is not constrained by the date of accident and injury, as there is no vested right in any given mode of procedure. See Walker. Various cases have emphasized this distinction, and in City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA), rev. denied, 458 So.2d 271 (Fla. 1984), this court determined that an earlier amendment to section 440.15(3)(b)2, addressing the necessary elements for a wage loss claim, was a procedural burden of proof enactment which could be applied without regard to the date of accident and injury. We conclude that the contested amendment in the present case is of a similar character. Although it does not directly specify a necessary element of proof, it relates to the time, manner, scope, and circumstances under which a job search report must be made in connection with a wage loss claim. A good faith job search is often an evidentiary vehicle which supports such a claim, and insofar as the contested amendment affects this responsibility it is in the nature of a procedural burden of proof enactment.[2]
The 14-day filing time which the amendment also imposes is similar to a statute of limitations or statute of repose. Such enactments are given only prospective effect in the absence of a clear legislative expression to the contrary. See Melendez v. Dreis and Krump Mfg. Co., 515 So.2d 735 (Fla. 1987); Johnson v. Szymanski, 368 So.2d 370 (Fla. 2d DCA), cert. denied, 378 So.2d 350 (Fla. 1979). But, while prospective effect might preclude application of the amendment to a prior occurrence or an accrued claim,[3] a wage loss claim does not arise upon the occurrence of the accident and injury. Instead, the claim arises upon *1356 the occurrence of each period of wage loss, and the 14-day time limit thus may be applied prospectively to wage loss periods occurring after the July 1, 1990 effective date of the amendment, without regard to the date of accident and injury.
We therefore conclude that the contested provisions in the amendment to section 440.15(3)(b)2 are applicable to claims for wage loss periods which occur after the effective date of the amendment. The judge thus properly denied the wage loss claim for periods after July 1, 1990, until the claimant began an appropriate job search and submitted timely filings. But the judge should not have denied the wage loss claim for periods prior to July 1, 1990, based on an inadequate job search, as the employer/servicing agent did not provide the claimant with sufficient notice of this responsibility and the judge otherwise found that the necessary causation was established. Accordingly, we reverse the appealed order only as to the denial of wage loss benefits prior to July 1, 1990. The order is otherwise affirmed, and the cause remanded.
BARFIELD and KAHN, JJ., concur.
NOTES
[1] Section 440.15(3)(b)2 was amended by chapter 90-201, Laws of Florida, made effective as of July 1, 1990. See ch. 90-201, § 121, Laws of Florida. In Martinez v. Scanlan, 582 So.2d 1167 (Fla. 1991), the supreme court determined that chapter 90-201 violated the single subject requirement of article III, section 6 of the Florida Constitution. The court noted that the legislature had cured the single subject problem by severing the offensive provision and otherwise reaffirming the earlier amendments in chapter 91-1, Laws of Florida. The legislature made this curative act retroactively effective to July 1, 1990. See ch. 91-1, § 54, Laws of Florida. The Martinez court declined to address the retroactive application of the curative act, but acknowledged the legislature's perception of the substantial impact which would be experienced in the workers' compensation system if chapter 90-201 were voided ab initio. The court thus concluded that chapter 90-201 would be void only as of the date of the Martinez opinion (which was after the pertinent periods of wage loss in the present case), and that the decision would operate only prospectively.
[2] In GCC Beverages v. Simmons, 571 So.2d 59 (Fla. 1st DCA 1990), this court suggested that the job search amendment to section 440.15(3)(b)2 is a substantive change which should not be applied in connection with an injury occurring before the effective date of the amendment. The opinion contains no analytical discussion, and does not indicate that the case even involved any period of wage loss after the effective date of the amendment. GCC Beverages was subsequently cited in Florida Community Health Center v. Ross, 590 So.2d 1037 (Fla. 1st DCA 1991), a case which involved a different and dissimilar amendment. Having now thoroughly considered the application of section 440.15(3)(b)2, as amended by chapter 90-201, in the present case, we are not persuaded by the suggestion in GCC Beverages.
[3] In Johnson a shortened limitations period was prospectively applied to a medical malpractice claim which accrued after, but which was based on malpractice occurring before, the revised statute became effective. The holding in Johnson was explained in Dade County v. Ferro, 384 So.2d 1283 (Fla. 1980), which distinguished the accrual of a claim under the particular limitations provision involved in Johnson from the occurrence of a claim under other limitations provisions. Dade County further referred to the pertinent occurrence in connection with a provision for final repose. See also, Melendez. In the present case the amendment to section 440.15(3)(b)2 imposes a 14-day time limit which dates from the time that wage loss benefits are due. The crucial occurrence upon which this provision is invoked is thus not the initial accident and injury, but rather each separate period when a claim for wage loss benefits arises.