646 So.2d 790 (1994)
Jacqueline BRIDGES, Appellant,
v.
MOTOROLA, INC. and Sedgwick James of Florida, Appellees.
No. 93-3148.
District Court of Appeal of Florida, First District.
December 1, 1994.
Rehearing Denied January 19, 1995.
L. Barry Keyfetz, P.A., Miami, for appellant.
Robert B. Scharf, P.A., Fort Lauderdale, for appellees.
PER CURIAM.
Jacqueline Bridges (claimant) appeals an order of the Judge of Compensation Claims (JCC) denying temporary partial disability (TPD) workers' compensation benefits because the requests for those benefits were untimely filed under section 440.15(3)(b)2, Florida Statutes (1991). We conclude that the 14 day limitation period provided in section 440.15(3)(b)(2) is not applicable to TPD benefits under section 440.15(4) and reverse.
Claimant was injured on June 6, 1990, in an accident which was accepted as compensable by the employer/servicing agent (E/SA). On February 14, 1992, claimant was released to return to light duty work for four hours per day. On February 24, 1992, the E/SA provided a wage loss letter to claimant advising her that she was required to send to the E/SA loss of wages/benefit verification forms within 14 days after the end of any two week period for which a loss of wages is claimed, otherwise claimant may be ineligible for temporary partial wage loss benefits during such period.
At issue in this case are the requests for temporary partial disability benefits for the time period from June 5, 1992 to July 30, 1992. Four requests for TPD benefits for the four biweekly reporting periods from June 5, 1992 to July 30, 1992 were mailed to the E/SA on August 11, 1992. All four requests for TPD benefits were controverted by the E/SA as untimely filed beyond the 14 day time limit in section 440.15(3)(b)2.
Concluding that "the date of mailing determines the timeliness of the requests under 440.15(3)(b)2," the JCC found as follows:
The forms must be mailed to the employer/carrier within 14 days of when benefits are due. Failure to comply results in benefits not being payable for that time period. Only the wage loss forms for the last biweekly time period (that is July 17, 1992, to July 30, 1992) were mailed to the carrier within the 14 day time limitation by statute and are, therefore, awarded. Interest is also awarded. The remainder of the temporary partial/wage loss forms for the prior three biweekly periods are denied as untimely filed. I consider the facts in this case apropos to the decision of Litvin v. St. Lucie County Sheriff's Department, 599 So.2d 1353 (Fla. 1st DCA 1992). On that basis, it is clear that if the forms are not filed timely, they are not awardable.
Under Florida's Workers' Compensation Law, Chapter 440, Florida Statutes (1993), the provisions governing compensation for disability are included in section 440.15. Those provisions applicable to "permanent impairment and wage loss benefits" are included in subsection (3) of section 440.15 and the provisions applicable to "temporary partial disability" benefits are included in subsection *791 (4) of section 440.15. Prior to the 1990 amendments to the Workers' Compensation Law, subsection (4)(b) and subsection (3)(b)2 each contain substantially similar provisions setting forth the detailed procedures and responsibilities applicable to an injured worker obtaining permanent impairment and wage loss benefits or temporary partial disability benefits, respectively. The 1990 Florida Legislature substantially modified the workers' compensation law in Chapter 90-201 Laws of Florida. In making these amendments, the Legislature added the following sentence to subsection (3)(b)2 of section 440.15:
Wage-loss forms and job search reports are to be mailed to the employer, carrier, or servicing agent within 14 days after the time benefits are due.
No similar provision was added to subsection (4)(b), governing temporary partial disability benefits.
We conclude that because the Legislature elected to place the 14 day limitation period only in subsection (3)(b)2 of section 440.15, the Legislature must not have intended to place the 14 day limitation period on the filing of claims for temporary partial disability benefits. Had the Legislature desired to place this 14 day limitation period on temporary partial disability benefits, it could easily have added similar language to subsection (4)(b) of section 440.15 or could have placed a 14 day limitation period in section 440.12, a statute which contains other restrictions generally applicable to all benefit payments.
This case is distinguishable from this court's opinion in Litvin v. St. Lucie County Sheriff's Department, 599 So.2d 1353 (Fla. 1st DCA 1992), on which the JCC relies. In Litvin, this court was not faced with whether the 14 day limitation period in section 440.15(3)(b)2 was applicable to TPD benefits.
Accordingly, we REVERSE the appealed order and REMAND for proceedings consistent herewith.
ZEHMER, C.J., and KAHN and VAN NORTWICK, JJ., concur.