KAHN, Judge.
Appellant Blanche Hood appeals an order entered by the judge of compensation claims (JCC) denying wage loss or any other indemnity benefits for approximately four weeks beginning June 8, 1991. We reverse because competent substantial evidence does not support the JCC’s conclusion that appellant *817 reached maximum medical improvement (MMI) on April 17,1991.
Our review of this ease is simplified because only one physician treated claimant during the relevant time frame of April, May, June and July of 1991. That physician, Dr. Clinton Davis, an orthopedic surgeon, diagnosed cervical disc syndrome and took claimant off work from her customary job as a school bus driver in January 1991. Claimant had an additional part-time job in the school cafeteria, which she was physically able to do after January 1991. On April 28, 1991, claimant obtained a full-time teacher’s aide job, albeit at reduced pay from her pre-injury employment. The teacher’s aide job ended June 8, 1991. Claimant seeks indemnity benefits from June 8, 1991 through July 6, 1991. Her job searches as submitted on wage loss forms did not meet the specific requirements of section 440.15(3)(b), Florida Statutes (1990 Supp.).
The JCC assigned an MMI date of April 17, 1991, based upon a medical chart entry by Dr. Davis. Appellee Pinellas County School Board argues that the JCC correctly denied wage loss benefits because claimant reached MMI on April 17, 1991, and thereafter, at least for the time frame in question, did not perform an adequate number of job searches. Claimant argues first that competent substantial evidence will not support an MMI date of April 17,1991, and alternatively that she cannot be held to the five job search requirement of section 440.15(3)(b) because the wage loss letter sent to her by appellee did not advise her of the statutorily mandated number of job searches required during each 14^day wage loss period. Because we reverse on the first point, we need not reach the second issue, although we agree with claimant that the letter did not advise her of the need to conduct at least five job searches during each 14-day period.
The determination of MMI should be based upon “a clear, explicit expression of that fact set forth in medical records or medical opinion testimony.” Kilbourne & Sons v. Kilbourne, 21 Fla.L. Weekly D19, — So.2d - (Fla. 1st DCA Dec. 19, 1995). Nevertheless, the mere appearance in a medical record of the phrase “maximum medical improvement” will not, in and of itself, support a finding where the medical evidence in a case is uniformly to the contrary.
In this case, Dr. Davis wrote an office note dated April 17,1991, which stated:
She [Mrs. Hood] has reached maximum medical improvement as of this date, 4/17/91 and her permanent impairment is 2% of the body as a whole. I do not think she should return to her previous occupation as a bus driver at least for the next six months.
In his note of May 14,1991, Dr. Davis stated:
Mrs. Hood called stating that she still feels her physical therapy is helping her. Her therapy is due to run out on 5/16 and she has asked for an extension. I have recommended that she continue the therapy for one additional month at which time I anticipate her to have reached maximum potential benefit from that therapy. She is to return to our office on a prn basis.
In an entry of June 26, 1991, Dr. Davis wrote:
Mrs. Hood has improved. She has been exercising both aerobically and also some strengthening exercises for her shoulder. She still has twinges of pain in her inter-scapular area which limits .somewhat her lifting capacity. However, she feels that she can return to work driving a bus in August when school resumes and I think this would be fine.
As we noted earlier, Dr. Davis is the only physician who provided treatment or offered an appraisal of claimant’s condition during the relevant time frame. Although Dr. Davis used the statutorily correct term in the note of April 17,1991, he clearly restricted for six months claimant’s ability to return to her previous work. The rationale for the six month hiatus became apparent in the next two chart entries. The notes from May and June of 1991 indicate that claimant continued to receive benefit from her therapy and was indeed showing improvement. By June she had improved to the point that Dr. Davis was prepared to release her to resume work as a school bus driver two months earlier than he previously anticipated. Also telling is Dr. Davis’ entry of March 6, 1991, some six *818 weeks before he assigned MMI. The March 6 note states:
I suggested she continue the physical therapy and the light duty for one month and return at that time for a final follow-up check at which point I think she will have reached maximum medical improvement and I would anticipate her returning to her regular duties.
Dr. Davis did not testify in this case. His medical opinions came in only through chart entries, several of which are set forth above.
 The date of maximum medical improvement is that date after which further recovery from, or lasting improvement to, an injury or disease can no longer be reasonably anticipated. Florida Power Corp. v. Hamilton, 657 So.2d 1260 (Fla. 1st DCA 1995). The question of whether a claimant has reached MMI is essentially a medical question. Shop & Go, Inc. v. Hart, 537 So.2d 667 (Fla. 1st DCA 1989). In this case, the medical observations made by the treating physician, when viewed in a light most favorable to appellee, will not support an MMI date of April 17, 1991. Although the doctor did not formally change the MMI date initially assigned, the subsequent entries nonetheless supersede the April MMI opinion. Even the April 17 entry suggests that claimant will again be able to drive a bus after six months.
Moreover, although MMI need not coincide with return to regular work duties, in this case Dr. Davis obviously expected, based on his March 6 note, that claimant would return to “regular duties” upon MMI. Despite the doctor’s incantation of the formula on April 17, he expressly restricted claimant from her normal duties “at least for the next six months.” Accordingly, competent substantial evidence does not support the April 17,1991 date.
Kilbourne does not require a contrary result. In Kilbourne the JCC actually selected an MMI date that was contrary to that testified to by any physician. This court held that because MMI is essentially a medical question, the JCC’s independent assignment of a date would not survive judicial scrutiny. In the present case, however, our holding is merely that competent substantial evidence does not support the finding of MMI. We are not called upon to determine an alternate date at this juncture.
The denial of temporary partial disability benefits, as an alternative to wage loss benefits, was based on the improper finding of an MMI date before June 8, 1991. The order must be REVERSED and REMANDED with instructions to award temporary partial disability benefits for the period June 8,1991 through July 6, 1991. See Bridges v. Motorola, Inc., 646 So.2d 790 (Fla. 1st DCA 1994) (requirements added to the wage loss statute, but not incorporated into the temporary partial disability section of the statute are not applicable to temporary partial disability claims).
BARFIELD and DAVIS, JJ., concur.