457 So.2d 1138 (1984)
RALSTON PURINA COMPANY and Aetna Life & Casualty Company, Appellants,
v.
Alfred BYERS, Appellee.
No. AX-169.
District Court of Appeal of Florida, First District.
October 18, 1984.
*1139 F. Bradley Hassell, Smalbein, Eubank, Johnson, Rosier & Bussey, Daytona Beach, for appellants.
Edward H. Hurt, Hurt & Parrish, Orlando, and Bill McCabe, Shepherd, McCabe & Cooley, Orlando, for appellee.
BOOTH, Judge.
The employer/carrier appeal the deputy commissioner's holding that Section 440.15(3)(b)4, Florida Statutes, as amended in 1983, can be retroactively applied to accidents occurring prior to the effective date of the amendment, and awarding wage-loss benefits. The amended statute, for the first time, allows persons 65 and over and eligible for social security to also obtain wage-loss benefits but provides for a setoff for social security benefits received.
The parties stipulated that the claimant sustained a compensable injury on December 3, 1981, that the claimant was 65 years of age as of July 1, 1983, and that the employer/carrier have paid temporary total disability benefits from January 10, 1983 to February 16, 1983, and wage-loss benefits from April, 1983 to July, 1983. The employer/carrier contended the claimant was not eligible for benefits because, inter alia, he had previously reached age 65. The deputy awarded the wage-loss benefits requested, holding that Section 440.15(3)(b)4, as amended effective June 30, 1983, applied to the claimant even though claimant's accident occurred prior to that statute's effective date. The deputy reasoned that the statute was primarily a clarification of what was intended by the 1980 version of the age/wage-loss provision, citing Sasso v. Ram Property Management, 431 So.2d 204 (Fla. 1st DCA 1983), and that, since the statutory change was procedural, it could be applied retroactively.
On the date of the claimant's compensable accident, Sections 440.15(3)(b)3 d and 4, Florida Statutes (1981), provided, in pertinent part, as follows: "3. The right to wage-loss benefits shall terminate: %y4)27 d. [w]hen the injured employee reaches age 65 and becomes eligible for benefits under 42 U.S.C. §§ 402 and 405;" and "4. [w]hen the injured employee reaches age 62, wage-loss benefits shall be reduced by the total amount of social security retirement benefits which the employee is receiving, not to exceed 50 percent of the employee's wage-loss benefits."
In 1983, the Legislature enacted Chapter 83-305, Section 5, effective June 30, 1983, which deleted Sections 440.15(3)(b)3 d and 440.15(3)(b)4 (quoted above) and replaced them with a new Subsection 4, which provided:
If an employee is entitled to both wage-loss benefits and social security retirement benefits under 42 U.S.C. ss. 402 and 405, such social security retirement benefits shall be primary and the wage-loss benefits shall be supplemental only. The sum of the two benefits shall not exceed the amount of wage-loss benefits which would otherwise be payable. For the purposes of termination of wage-loss benefits pursuant to sub-subparagraph 3.a., the term "payable" shall be construed to include payment of social security *1140 retirement benefits in lieu of wage-loss benefits.
We hold that the deputy commissioner erred in applying Section 440.15(3)(b)4, Florida Statutes (1983), retroactively, since the amendment is a substantive change in the law. Sasso v. Ram Property Management, 431 So.2d 204 (Fla. 1st DCA 1983), affirmed, 452 So.2d 932 (Fla. 1984), relied upon by the deputy commissioner, is distinguishable because the addition to the statute in the Sasso case was in clarification of what was intended by the Legislature in the previous enactment, as stated by the court in Sasso, 431 So.2d at 217-218:
In 1980, the legislature amended the statute by providing that an injured worker's right to permanent disability wage-loss benefits terminate "[w]hen the injured employee reaches age 65 and becomes eligible for benefits under 42 U.S.C. §§ 402 and 405, ...." Chap. 80-236, § 5, Laws of Fla. (added language emphasized) The added language requires that an injured worker's wage-loss benefits may not be terminated unless he is both 65 or older and receiving old-age and survivors insurance benefits (O.A.S.I.), more commonly referred to as social security retirement benefits. "[T]he timing and circumstances of an enactment may indicate it was formal only and served as a legislative clarification or interpretation of existing law, and thus such an enactment may even suggest that the same rights existed before it." Williams v. Hartford Accident and Indemnity Co., 382 So.2d 1216, 1220 (Fla. 1980); Speights v. State, 414 So.2d 574, 577 (Fla. 1st DCA 1982). Because the amendatory language in the age/wage-loss provision was relatively minor, was added to an act that was the first of its type in the nation and experimental in nature, and was added at the legislative session immediately following the original enactment of the wage-loss law, we are convinced that the 1980 amendment was merely a clarification of what was intended by the 1979 version of the age/wage-loss provision... .
Unlike Sasso, supra, the amendment at issue in the instant case, which deletes a subsection of Section 440.15(3)(b)3 d, clearly alters the employer/carrier's liability and cannot be characterized as "relatively minor." Under the law at the time of the accident, the right to wage-loss benefits terminated when the employee reached age 65 and was eligible for social security benefits. Under the 1983 amendment, a 65-year-old claimant now has the right to receive wage-loss benefits with a setoff for social security benefits. The statutory change is substantive in nature and is not retroactive. Ship Shape v. Taylor, 397 So.2d 1199 (Fla. 1st DCA 1981). Accordingly, the deputy commissioner's order must, unfortunately,[1] be REVERSED.
MILLS and BARFIELD, JJ., concur.
NOTES
[1] See Hillsborough Community College v. Miller, 440 So.2d 26 (Fla. 1st DCA 1983), Booth, J., concurring in part and dissenting in part; Acosta v. Kraco, Inc., 448 So.2d 562 (Fla. 1st DCA 1984); Whilden v. H.B.A. Corp., 453 So.2d 551 (Fla. 4th DCA 1984), Anstead, C.J., specially concurring.