WIGGINTON, Judge.
In this workers’ compensation appeal, appellants question the judge of compensation claims’ (JCC) method of calculating wage-loss benefits payable under section 440.15(5)(c), Florida Statutes (1987). In cases where an employee receiving wage-loss benefits suffers a subsequent injury causing temporary disability, section 440.-15(5)(c) provides that both wage-loss benefits and temporary disability benefits shall be payable during the duration of the temporary disability. After careful consideration of the parties’ arguments, we affirm the JCC’s order increasing claimant’s wage-loss benefits.
The facts pertinent to the application of the statutory section show that claimant first injured his back in a compensable accident on June 26, 1986, while employed with the appellant employer. He reached maximum medical improvement on September 1, 1987, with a permanent impairment and began receiving wage-loss benefits at the maximum monthly rate pursuant to Section 440.15(3)(b)l, Florida Statutes (1985).
Subsequently, on November 16, 1987, claimant obtained employment at Sawyer Gas of Starke, Inc. For November and December 1987, he received wage-loss benefits from appellants, albeit in a reduced amount by virtue of his total gross earnings from his new employment with Sawyer Gas.
On January 6, 1988, claimant reinjured his back in a compensable accident while employed with Sawyer Gas. Accordingly, commencing January 1988, the carrier for Sawyer Gas paid claimant temporary total disability benefits. In the meantime, appel *492 lants continued to pay wage-loss benefits to claimant during the months from January 1988 through November 1988 but in an amount calculated on the basis of claimant’s earnings at Sawyer Gas prior to his injury. It is their position that under section 440.15(5)(c), a claimant’s wage loss following the second injury is to be calculated by considering the claimant as having established a wage earning capacity evidenced by his average weekly wage from his second job. Recognizing that the provisions of section 440.15(5)(c) preclude the first employer/carrier from controverting all wage-loss benefits following the second accident on the basis that the wage loss is not causally related to the first accident, and in order to prevent a windfall to the claimant due to the receipt of the combined benefits, appellants urge that it would only be fair and reasonable to calculate the benefits due by utilizing the claimant’s average weekly wage from his subsequent job to arrive at the appropriate wage base.[1] In short, for purposes of the first E/C, the wage loss is calculated on the basis as if the second injury had not occurred.
To the contrary, the JCC entered an order awarding additional wage-loss benefits adopting claimant’s “method” of calculation based upon “a straightforward reading of section 440.15(5)(c).” As the JCC noted, claimant’s focus is on the portion of section 440.15(5)(c) which provides that
... the total benefits payable shall not exceed the maximum compensation rate in effect for temporary disability at the time of the subsequent injury. Any reduction in benefits due to such limit shall be applied first to the wage loss benefits payable as a result of the prior injury.
Using this language as a springboard for calculation purposes, claimant’s method proposes that the only reduction in the amount of wage-loss benefits payable by the first employer/carrier “is effectuated by subtraction of whatever amount is necessary from the Claimant’s undiminished wage-loss benefits so as not to exceed in combined compensation benefits the statutory maximum compensation rate in effect for temporary disability at the time of the subsequent injury.” In reality, where the total of the wage-loss and TTD benefits would exceed the maximum compensation rate, claimant's method is simply one that would subtract the monthly temporary total disability benefits from the maximum monthly compensation rate at the time of the second injury to arrive at the amount of wage-loss benefits payable by the first employer/carrier.
While this method achieves the correct result, it avoids the crucial task of defining the wage base as that term is defined in section 440.15(3)(b)l, to mean the employee’s earning capacity following maximum medical improvement.[2] However, it is obvious from the calculations set forth in the JCC’s order that claimant’s argument presupposes a total wage loss following the second injury and we agree.
Accordingly, we must disagree with appellants’ method of calculating wage-loss benefits following the second injury by taking into consideration the claimant’s wages from the subsequent employer prior to the second injury. A “straightforward” and reasonable reading of section 440.15(5)(c) leads to the conclusion that the wage loss must be calculated following the second accident on the basis that the claimant thereafter is unable to earn any salary, wages, or other remuneration because he is temporarily and totally disabled. There is no basis in the statute for the employer/carrier to treat claimant’s earning capacity following the second accident as if the accident had not occurred. There is also no authority for them to treat the claimant’s average weekly wage just prior to the second accident essentially as deemed earnings under section 440.-15(3)(b)2. Absent a voluntary limitation of income or an inadequate job search during *493 the time period in question, application of the deemed earnings provision is improper. Brookings v. Hunzinger Construction, 512 So.2d 952 (Fla. 1st DCA 1987). See also McNeil v. Progressive Driver Services, 513 So.2d 195 (Fla. 1st DCA 1987) (deemed earnings provision does not apply where a claimant sustains a second injury shortly after returning to work at a new job as the second injury is neither voluntary nor a refusal to accept work).
Fundamentally, section 440.15(5)(c) is a legislative method of clarifying calculation of benefits between sequential carriers for a limited period of time, as well as a concomitant statutory recognition of an economic causal relationship between the first accident and the wage loss following the second accident. For the foregoing reasons, we affirm the order of the JCC directing appellants to pay claimant wage-loss benefits from January 6, 1988, and continuing for as long as he remains temporarily and totally disabled as a result of the second industrial accident at the rate of $819.88 per month.
AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.

. That is, integral to the computation of wage-loss benefits under section 440.15(3)(b)l is the determination of "the salary, wages, and other remuneration the employee is able to earn after reaching maximum medical improvement.” That amount is then subtracted from the figure obtained by taking 85% of the claimant’s average monthly wage from the first employer.

. See n. 1.