566 So.2d 31 (1990)
Zephaniah MEEK, Appellant,
v.
LAYNE-WESTERN CO. and Crawford and Company, Appellees.
No. 89-1063.
District Court of Appeal of Florida, First District.
August 16, 1990.
Rehearing Denied September 19, 1990.
Robert A. Wohn, Jr. of Wohn & McKinley, P.A., Cocoa, for appellant.
Bernard J. Zimmerman of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellees.
*32 NIMMONS, Judge.
The claimant in this workers' compensation appeal challenges the finding of the judge of compensation claims that appellant failed to show a causal connection between appellant's compensable injury and the subsequent wage loss. We find that the judge applied an incorrect standard, and reverse.
In his July 1986 industrial accident which occurred in the course of his employment with appellee Layne-Western Company, appellant fractured the fifth, fourth and third fingers of the right hand. He reached MMI by September 24, 1986 with a 2% permanent impairment of the whole body. He subsequently left his employment with Layne-Western and obtained employment with CBI/Nacon, Incorporated shortly after reaching MMI. On October 14, 1987, appellant suffered a crush injury to the index and middle fingers of his right hand while at work with CBI.[1]
Appellant was laid off from his employment with CBI in late November, 1987. On December 7, 1987, Dr. Borrero, a surgeon, examined appellant and reported that he was still convalescing from the October 1987 hand injury. Dr. Gibbons, an orthopedic surgeon who treated appellant for his 1986 injury, reported that when he examined appellant on January 28, 1988, appellant's condition did not appear to have changed appreciably. At the time of the January 1988 examination, Dr. Gibbons was unaware of the October 1987 injury. Appellant conducted a work search from November 1987 through April 1988, and subsequently found full-time employment. He then sought wage-loss benefits, which the e/c controverted, to compensate him for his loss of income resulting from his unemployment during the months of December 1987 through April 1988.[2]
After a hearing at which appellant testified, the judge issued a final order which stated in part:
I find that the claimant was laid off in late November, 1987 following his new accident because of this continuing problems. In support of this finding I rely on Dr. Borrero's opinion that the claimant was still convalescing from the fractured finger as late as December 7, 1987. The claimant presented no medical evidence to prove a causal connection between the claimed wage loss and the July 10, 1986 accident. The most likely cause for his wage loss during the period claimed was the October 14, 1987 accident and injury. I therefore deny the claimant's claim for wage loss benefits for the period claimed and accept the employer/carrier's defense that the claimant's lost employment and lost wages was due to a subsequent injury and not due to the July 10, 1986, industrial accident.
The judge made no findings regarding the adequacy of appellant's job search.
The claimant is obligated to show that his compensable physical limitation was an element in the causal chain resulting in or contributing to his wage loss, not that it is the sole cause of such loss. City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984). Where a claimant is suffering the permanent effects of the compensable accident at the time that he suffers a second, noncompensable accident, the second accident acts as a bar only as to those claims which would not have occurred in the absence of the noncompensable accident. Koulias v. Tarpon Marine Ways, 538 So.2d 130 (Fla. 1st DCA 1989); Parish v. Baptist Hospital, 512 So.2d 1031 (Fla. 1st DCA 1987).[3] Accordingly, the *33 judge erred in treating the second hand injury as a superseding cause on the ground that the latter accident was the most likely cause of the wage loss.
A claimant typically makes a preliminary showing of entitlement to wage loss benefits by showing (1) a permanent impairment and (2) an adequate job search. Rios v. Fred Teitelbaum Construction, 522 So.2d 1015 (Fla. 1st DCA 1988). The adequacy of a work search is a factual question for the judge's determination. Trujillo v. Southern Wine & Spirits, 525 So.2d 481 (Fla. 1st DCA 1988).
Whether the claimant has demonstrated his entitlement to wage-loss benefits is a question of fact for the deputy's determination from the totality of the circumstances. Where the claimant meets his initial burden of demonstrating an adequate, good faith work search, the burden is placed upon the employer to show that the claimant has refused to work or has voluntarily limited his income. Tampa Electric Company v. Bradshaw, 477 So.2d 624 (Fla. 1st DCA 1985); D & R Builders, Inc. v. Quetglas, 449 So.2d 988 (Fla. 1st DCA 1984); Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982).
Since the parties have stipulated to the 2% permanent impairment rating, the judge was obligated to consider the adequacy of appellant's job search, as a part of the determination of whether appellant has shown the required causal link between his first industrial accident and his wage loss.
Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.
BOOTH and ZEHMER, JJ., concur.
NOTES
[1] CBI was not a party to this proceeding, and the record does not reflect whether appellant reported his accident to CBI or filed a claim against that employer. During his employment with CBI, appellant suffered two other accidents which apparently resolved quickly.
[2] The e/c has accepted appellant as partially impaired and has paid wage-loss benefits on a continuing basis. From December 1987 through April 1988 appellees paid partial wage loss benefits, but declined to compensate appellant for the wage loss resulting from his unemployment.
[3] We need not reach the issue of CBI's obligation to pay appellant benefits related to the second injury, as CBI was not made a party to this proceeding and the parties have not addressed this issue on appeal. See § 440.42(3), Fla. Stat.