624 So.2d 345 (1993)
Zephaniah MEEK, Appellant,
v.
LAYNE-WESTERN COMPANY and Crawford & Company, Appellees.
No. 92-1952.
District Court of Appeal of Florida, First District.
September 14, 1993.
*346 Robert A. Wohn, Jr. of Wohn & McKinley, Cocoa, for appellant.
Bernard J. Zimmerman and Derrick E. Cox of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for appellees.
KAHN, Judge.
In this case, Zephaniah Meek appeals a workers compensation order contending the judge of compensation claims (JCC) erred in calculating the amount of wage loss benefits. We reverse and remand for entry of a new order utilizing the applicable wage loss statute in effect at the time of Mr. Meek's compensable injury.
On July 10, 1986, Mr. Meek injured his right hand while working for Layne-Western Company. Mr. Meek reached maximum medical improvement on September 24, 1986 and was assigned a 2% permanent impairment of the whole body. Mr. Meek then began working for CBI NACON. He suffered a second injury to his hand while working on October 14, 1987, but returned to work within two weeks. In November 1987, Mr. Meek was terminated from his job because of reduction in force. He then sought wage loss benefits from Layne-Western Company and its carrier, Crawford & Company (E/C). After a hearing, the JCC denied the claim. On appeal, this court reversed and remanded the case for the JCC to consider the adequacy of Mr. Meek's job search in determining whether he had shown a causal link between the first accident and his wage loss. Meek v. Layne-Western Co., 566 So.2d 31 (Fla. 1st DCA 1990). On remand, the JCC ordered the E/C to pay wage loss benefits from December 1987 through March 20, 1990.
After his second accident, Mr. Meek subsequently found employment with Danis Industries that was within the physical limitations caused by his first hand injury. The employment was light duty and consequently paid less. On March 20, 1990, Mr. Meek injured his left knee while pushing a heavy scaffold. He was placed on temporary total disability by Danis Industries until he reached maximum medical improvement on November 27, 1990. As a result of the knee injury, Mr. Meek sustained a 10% impairment of the whole body.[1] On March 1, 1991, Mr. Meek filed a claim against Layne-Western for wage loss benefits from March 21, 1990 through the present and continuing. At a *347 hearing on the claim for benefits, Mr. Meek testified that he is having trouble finding a job because of his hand injury and not his knee injury. The JCC entered the order here under review, granting the claim for wage loss benefits. The order required the E/C to:
A. Pay the Employee/Claimant wage loss benefits from March 20, 1990 through the present and continuing so long as the Employee/Claimant remains entitled to receive wage loss benefits. Such wage loss benefits are to be paid based upon an average weekly wage of $463.23 with a corresponding compensation rate of $308.82. In calculating the amount of any wage loss benefits due, the average weekly wage for the subsequent accident shall be deemed to be the salary, wages, and other remuneration the Employee is able to earn. The Employer/Carrier shall be entitled to take deemed earnings against the wage loss benefits payable subsequent to June 20, 1991, until the average weekly wage for the subsequent accident times the number of weeks subsequent to June 20, 1991, equals $35,250.00. Thereafter, benefits will be paid on the merits of the claims.
When a claimant receiving wage loss benefits suffers a subsequent injury causing temporary disability and/or wage loss, section 440.15(5)(c) and (d), Florida Statutes, provides a method for calculating the amount of wage loss benefits.[2] In 1990, the legislature amended this section to change the way wage loss benefits are calculated.[3] Mr. Meek argues that the version in effect at the time of his first accident in 1986 should have been used instead of the amended statute because it affects the substantive rights of a wage loss claimant. On the other hand, the E/C contends that the 1990 amended statute applies, citing Litvin v. St. Lucie County Sheriff's Department, 599 So.2d 1353 (Fla. 1st DCA), rev. denied, 613 So.2d 6 (Fla. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 2350, 124 L.Ed.2d 258 (1993).
Since the 1990 amendments change the amount of benefits a claimant is entitled to receive, the amendments are substantive. Recon Paving, Inc. v. Cook, 439 So.2d 1019, 1021 (Fla. 1st DCA 1983). Substantive statutes are presumed to operate prospectively unless the legislature expressly manifests a contrary intention. Seddon v. Harpster, 403 So.2d 409, 411 (Fla. 1981).
*348 In Litvin v. St. Lucie County Sheriff's Department, supra, we held that a procedural amendment to section 440.15(3)(b)2, Florida Statutes, imposing a 14-day time limit for filing wage loss forms and job search reports, applied prospectively to wage loss periods occurring after the effective date of the amendment. "[W]hile prospective effect might preclude application of the amendment to a prior occurrence or an accrued claim, a wage loss claim does not arise upon the occurrence of the accident and injury. Instead, the claim arises upon the occurrence of each period of wage loss... ." Id. at 1355-56 (footnote omitted).
The rationale of Litvin does not apply to this case, notwithstanding that wage loss is involved. Where a substantive amendment to the wage loss section is involved, the amendment should not be applied retroactively. Ralston Purina Co. v. Byers, 457 So.2d 1138 (Fla. 1st DCA 1984) (amendment to wage loss statute granting 65-year-old claimants the right to receive wage loss benefits with a setoff for social security benefits received is substantive in nature and cannot be applied retroactively). See also University Medical Center v. Sumpter, 591 So.2d 288 (Fla. 1st DCA 1991) (E/C's right to a social security setoff arising from amendment changing wage loss benefits from monthly to weekly would reduce the amount of claimant's wage loss payments and cannot be applied retroactively).
Litvin suggests that the nature of a wage loss claim is such that prospective application of a statutory amendment might nonetheless affect claims arising from injuries that occurred before the date of the amendment. Byers and Sumpter indicate, however, that when the substantive legislation changes the amount of the wage loss benefit (or creates a new wage loss benefit), application of such legislation to an old injury will be viewed as retroactive, and, thus, forbidden. The amendments to section 440.15(5)(c) and (d) reduce a claimant's wage loss benefits and should not be applied to wage loss claims where the injury occurred before the amendment. Accordingly, the 1986 statute applies to this case.
The 1986 version of section 440.15(5)(c) and (d) does not contain the phrase "In calculating the amount of any wage loss benefits due, the average weekly wage for the subsequent accident shall be deemed to be the salary, wages, and other remuneration the employee is able to earn." Our research has not found that the amount the employee was able to earn was calculated this way before the 1990 amendment, and the JCC should not have applied this phrase to the instant case.
As to the period of time Mr. Meek was temporarily disabled after the subsequent accident, March 21, 1990 through November 27, 1990, section 440.15(5)(c), Florida Statutes (Supp. 1986), applies. When wage loss benefits are calculated under this statute, the average weekly wage earned by the claimant for the subsequent job should not be used. Cooper's Inc. v. Taylor, 556 So.2d 491 (Fla. 1st DCA 1990). "[T]he wage loss must be calculated following the second accident on the basis that the claimant thereafter is unable to earn any salary, wages, or other remuneration because he is temporarily and totally disabled." Id. at 492 (e.s.). We reverse the JCC's finding that the wage loss benefits during this time period should be based on the average weekly wage for the subsequent accident.
Section 440.15(5)(d), Florida Statutes (Supp. 1986), applies to the period of time after Mr. Meek reached maximum medical improvement (November 27, 1990) if the subsequent injury caused an "additional compensable wage loss." The JCC's determination as to this point is unclear. Paragraph 11 of the order suggests that Mr. Meek did not suffer a wage loss from the subsequent injury, but paragraph 12 finds that Mr. Meek did suffer such a wage loss. These findings cannot be reconciled. Consequently, we remand this case to the JCC to clarify whether Mr. Meek suffered a wage loss from the subsequent injury.
The JCC allowed the E/C to take deemed earnings against the wage loss benefits payable from the settlement date of the claim from the subsequent injury. If on remand the JCC determines that there was a wage loss from the subsequent injury and, thus, *349 that the settlement was based on such wage loss, the method used by the JCC in calculating the deemed earnings is appropriate.[4]
In its answer brief, the E/C argues that Mr. Meek should not receive any wage loss benefits between July 1, 1990 through April 10, 1991 because he did not timely file the wage loss claims during this period. See Litvin v. St. Lucie County Sheriff's Department, supra. We decline to address this issue since the E/C has not cross appealed the JCC's order. University Medical Center v. Sumpter, supra; Nealy v. City of West Palm Beach, 442 So.2d 273 (Fla. 1st DCA 1983).
REVERSED and REMANDED with directions.
SMITH and WEBSTER, JJ., concur.
NOTES
[1] In June 1991, Mr. Meek and the E/C from the subsequent accident entered into a lump sum settlement through which Mr. Meek received $35,250.00
[2] Section 440.15(5)(c) and (d), Florida Statutes (Supp. 1986), provides as follows:

(c) If an employee receiving wage-loss benefits suffers a subsequent injury causing temporary disability, both wage-loss benefits and temporary disability benefits shall be payable during the duration of temporary disability; however, the total benefits payable shall not exceed the maximum compensation rate in effect for temporary disability at the time of the subsequent injury. Any reduction in benefits due to such limit shall be applied first to the wage-loss benefits payable as a result of the prior injury.
(d) If an employee receiving wage-loss benefits suffers a subsequent injury causing an additional compensable wage loss, benefits for each wage loss shall be payable; however, the total wage-loss benefits payable shall not exceed the maximum compensation rate in effect for permanent disability at the time of the subsequent injury. Any reduction in wage-loss benefits due to such limitation shall be applied first to the benefits payable as a result of the prior injury.
[3] Section 440.15(5)(c) and (d), Florida Statutes (Supp. 1990), provides as follows:

(c) If an employee receiving wage-loss benefits suffers a subsequent injury causing temporary disability, both wage-loss benefits and temporary disability benefits shall be payable during the duration of temporary disability. In calculating the amount of any wage loss benefits due, the average weekly wage for the subsequent accident shall be deemed to be the salary, wages, and other remuneration the employee is able to earn. However, the total benefits payable shall not exceed the maximum compensation rate in effect for temporary disability at the time of the subsequent injury. Any reduction in benefits due to such limit shall be applied first to the wage-loss benefits payable as a result of the prior injury.
(d) If an employee receiving wage-loss benefits suffers a subsequent injury causing an additional compensable wage loss, benefits for each wage loss shall be payable. In calculating the amount of any wage loss benefits due, the average weekly wage for the subsequent accident shall be deemed to be the salary, wages, and other remuneration the employee is able to earn. However, the total wage-loss benefits payable shall not exceed the maximum compensation rate in effect for permanent disability at the time of the subsequent injury. Any reduction in wage-loss benefits due to such limitation shall be applied first to the benefits payable as a result of the prior injury. (e.s.)
[4] We express no opinion as to whether Mr. Meek suffered wage loss resulting from the March 20, 1990 accident.