WOLF, Judge.
City of Orlando and Alexsis Risk Management, the employer and servicing agent (E/ SA) appeal from an order of the judge of compensation claims (JCC) which awards wage loss and temporary total disability benefits to Harold Wilkinson (claimant), pursuant to section 440.15(5)(c), Florida Statutes (1987). The E/SA argue that the JCC erred by applying the statute to a claimant who was not receiving wage loss at the time of a subsequent injury.[1] We agree and remand for the JCC to determine claimant’s eligibility for benefits without the improper application of the statute.
Claimant is a 43-year-old who had been employed by the City of Orlando as a maintenance worker since October 1988. He suffered a compensable injury to his right knee while working for the City of Orlando on August 9,1989, when his knee was struck by a heavy panel which he and other workers were trying to carry. Following the accident, he took a few days off and then returned to work for a number of months. Claimant was required, however to have surgery performed on his knee. Mr. Wilkinson was subsequently released to return to work full time by his doctor, and did so on March 26, 1990, earning his preinjury wages.
On April 27,1990, while Mr. Wilkinson was back at work full time for his old employer, he suffered a second compensable accident involving exposure to paint fumes. He continued to work until Dr. Varraux put him on temporary total disability as a result of the exposure. With respect to his knee injury, claimant reached maximum medical improvement on March 26, 1991, with a two percent impairment, 11 months after claimant’s second compensable injury. The claimant sought both wage loss and temporary total disability benefits. The JCC awarded both, relying specifically on section 440.15(5)(c), Florida Statutes (1987), and Cooper’s Inc. v. Taylor, 556 So.2d 491 (Fla. 1st DCA 1990).
The statutory provision at issue, section 440.15(5)(c), Florida Statues (1987), states as follows:
If an employee receiving wage-loss benefits suffers a subsequent injury causing temporary disability, both wage-loss benefits and temporary disability benefits shall be payable during the duration of temporary disability. However, the total benefits payable shall not exceed the maximum compensation rate in effect for temporary disability at the time of the subsequent injury. Any reduction in benefits due to such limit shall be applied first to the wage-loss benefits payable as a result of the prior injury.
(Emphasis added).
Where words of a statute are clear and unambiguous, a court has no authority to change the plain meaning of the statute or the clear legislative intent. State v. Barnes, 595 So.2d 22 (Fla.1992); Citizens of the State of Florida v. Public Serv. Comm’n, 435 So.2d 784 (Fla.1983). The courts are bound to give effect to clear words the Legislature has chosen to use in a statute. Holmes v. Blazer Financial Servs., Inc., 369 So.2d 987 (Fla. 4th DCA 1979).
The plain words of this statute require that a person be receiving wage loss at the time of the subsequent accident which results in the disability. The clear intent of this statute is to assure that a worker receives full compensation benefits as a result of all on-the-job injuries. A worker who is receiving wage loss benefits and suffers a second disabling injury should not receive benefits calculated only on a reduced salary base where the reduction in salary is causally related to the first on-the-job injury. The statute as *801 sures that a worker’s benefits are commensurate with the claimant’s preinjury wages.
In the instant case, the claimant was at work receiving his preinjury salary at the time of the second injury which resulted in the temporary total disability. The claimant was therefore not receiving wage loss at the time of the second injury.[2] For that reason, the claimant was entitled to receive benefits as a result of the second injury based upon his full preinjury salary. In such a case, application of the statute would not further the apparent legislative intent.
Appellee argues, however, that the case of Cooper’s Inc. v. Taylor, supra, mandates an affirmance in this case. We are unable to accept that argument for several reasons. In Cooper’s Inc., the claimant was receiving wage loss benefits at the time of the subsequent injury thereby making Cooper’s Inc. factually distinguishable from the instant ease. In addition, the holding in Cooper’s Inc. concerned the method of calculating benefits pursuant to the statute rather than addressing the applicability of the statute. Cooper’s Inc. is, therefore, not controlling in the instant case.
The order of the JCC is, therefore, reversed and the case is remanded for further proceedings concerning claimant’s entitlement to benefits.
SMITH and MICKLE, JJ., concur.

. We do not address the other issues on appeal because it does not appear that the JCC addressed these issues within the order. All other issues may be addressed by the JCC on remand.

. The claimant was also not at MMI at the time of the second injury.