639 So.2d 1114 (1994)
Charles McCARTHY, Appellant/Cross Appellee,
v.
BAY AREA SIGNS and Armor Insurance Company, Appellees/Cross Appellants.
No. 93-1159.
District Court of Appeal of Florida, First District.
July 25, 1994.
*1115 William P. Levens, Tampa, for appellant/cross appellee.
Tony A. Turner of Shofi, Smith, Hennen, Jenkins, Stanley & Gramovot, P.A., Tampa, for appellees/cross appellants.
PER CURIAM.
This workers' compensation case raises questions concerning the computation of wage-loss benefits for a worker who suffered a compensable accident on February 26, 1990. McCarthy's employer and the employer's carrier invoke section 440.15(3)(b)5, Florida Statutes (1991), which provides that the right to wage-loss benefits shall terminate altogether, if the claimant voluntarily limits his income on three occasions within a two-year period. They argue that the order appealed did not permanently foreclose McCarthy's receiving wage-loss benefits, but should have. McCarthy contends that the judge of compensation claims did in fact permanently foreclose wage-loss benefits, albeit erroneously, and also erred in finding that he voluntarily limited his income between February 21, 1992, and December 25, 1992. Citing section 440.15(3)(b)2, Florida Statutes (1991), he argues that earnings could not lawfully be imputed to him so as to diminish benefits, absent proof of actual job openings within his restrictions and within reasonable geographic proximity. We conclude that the judge of compensation claims properly applied section 440.15(3)(b)2, Florida Statutes (1991), and properly refrained from applying section 440.15(3)(b)5, Florida Statutes (1991). Accordingly, we affirm the order under review.
Both statutory provisions were enacted after McCarthy was injured. The rule is that the substantive rights of the parties are fixed by the law in effect on the date of *1116 injury, Meek v. Layne-Western Co., 624 So.2d 345 (Fla. 1st DCA 1993); WFTL Broadcasting v. Rowen, 480 So.2d 233, 234 (Fla. 1st DCA 1985); Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960), while no party has a vested right in any particular procedure, including the allocation of the burden of proof. See Litvin v. St. Lucie County Sheriff's Dept., 599 So.2d 1353 (Fla. 1st DCA 1992); City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA), rev. denied, 458 So.2d 271 (Fla. 1984). Both subsections of section 440.15(3)(b), Florida Statutes (1991) took effect on July 1, 1990. Ch. 91-1, § 18, at 61, 63, Laws of Fla.
We conclude that the changes to section 440.15(3)(b)2 effected by chapter 91-1, § 18, at 61, Laws of Florida[1], insofar as they relate to the method by which the employer and the employer's carrier are entitled to prove voluntary limitation of income, constitute a procedural amendment which should be applied to all claims for wage-loss benefits after July 1, 1990, the effective date of the amendment, including claims by claimants who were injured prior to that date. See Litvin v. St. Lucie County Sheriff's Dept., 599 So.2d 1353, 1355 (Fla. 1st DCA 1992).
On the other hand, the amendment to section 440.15(3)(b)5, Florida Statutes[2], which chapter 91-1, § 18, at 63, Laws of Florida accomplishes, creates a new substantive requirement that may truncate a claimant's entitlement to receive wage-loss benefits, and thus should not be applied retroactively. See Meek v. Layne Western Co, 624 So.2d 345, 347 (Fla. 1st DCA 1993); University Medical Center v. Sumpter, 591 So.2d 288 (Fla. 1st DCA 1991); Ralston Purina Co. v. Byers, 457 So.2d 1138 (Fla. 1st DCA 1984); Recon Paving, Inc. v. Cook, 439 So.2d 1019, 1021 (Fla. 1st DCA 1983). We conclude that the judge of compensation claims was under no obligation to make findings of fact under section 440.15(3)(b)5, Florida Statutes (1991), because the statute afforded no basis, at the time of his injury, for permanently barring McCarthy's receipt of wage-loss benefits. Contrary to McCarthy's assertion on appeal, the order did not address McCarthy's future entitlement to wage-loss benefits.
Competent, substantial evidence and governing law support the finding and conclusions that McCarthy voluntarily limited his income between February 21, and December 25, 1992, and that "deemed earnings" should be imputed in the amount specified for that period.[3] The parties' other arguments are without merit.
The order of the judge of compensation claims is affirmed.
BOOTH, MICKLE and BENTON, JJ., concur.
NOTES
[1] Section 440.15(3)(b)2, Florida Statutes (1991), advanced by McCarthy, provides that:

beginning on the 13th week after the employee has attained maximum medical improvement, if an employee does not obtain and maintain employment, the employer may show that the salary, wages, and other remuneration the employee is able to earn is greater than zero by proving the existence of actual job openings within a reasonable geographic area which the employee is physically and vocationally capable of performing, in which case the amount the employee is able to earn may be deemed to be the amount the judge of compensation claims finds the employee could earn in such jobs. The amount shall be applied against the next three biweekly payments.
(Emphasis supplied.)
[2] Section 440.15(3)(b)5, Florida Statutes (1991), relied upon by the employer and its carrier, provides in pertinent part that:

the right to wage-loss benefits shall terminate if, within a 2-year period, there are three occurrences of any of the following incidents:
....
d. The employee voluntarily limits his income.
Each of the three occurrences must be in a different biweekly period. Additionally, for each of the above occurrences, the employee may be disqualified from receiving wage-loss benefits for 3 biweekly periods.
(Emphasis supplied.)
[3] The order recites that "jobs were available within the claimant's restrictions that would pay between $5.00 and $6.00 an hour." This finding is supported by competent substantial evidence and is a sufficient foundation under the 1991 version of section 440.15(3)(b)3, Florida Statutes, for the judge's order imputing income to McCarthy of $200.00 per week for the period February 21, 1992, through December 25, 1992, the last date reflected on McCarthy's wage-loss forms.