643 So.2d 36 (1994)
Jose SERNA, Appellant,
v.
MILANESE, INC., Appellee.
No. 93-487.
District Court of Appeal of Florida, Third District.
September 21, 1994.
*37 Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellant.
Semet, Lickstein, Morgenstern, Berger, Friend, Brooks & Gordon and Lewis J. Levey, Coral Gables, for appellee.
Before NESBITT, BASKIN, and GERSTEN, JJ.
NESBITT, Judge.
Jose Serna appeals a final summary judgment in an action filed by Milanese, Inc. (Milanese) to collect on dishonored checks. We affirm.
Milanese sold clothing to Jemaros Investments, Inc., d/b/a Natalia Boutique (Jemaros). Jose Serna, president of Jemaros, paid for the goods by check. Serna signed the checks, which were imprinted with the corporate name, but did not indicate his representative capacity. Following Jemaros' payment for certain merchandise by checks later dishonored, Milanese filed a multi-count action against Jemaros and Serna.[1] The count against Serna sought recovery for the dishonored checks tendered to Milanese. There is no contention that Serna was not authorized to sign the checks.
Milanese sought summary judgment restating the complaint's dishonored check allegations against Jemaros and Serna. In support of its motion, Milanese filed an affidavit of its president stating that Jemaros and Serna issued the dishonored checks. The trial court granted Milanese's motion and pursuant to section 68.065, Florida Statutes (1991)[2] ordered Serna to pay treble the face amount of the checks.
Section 673.403, Florida Statutes (1991), which was in effect when Serna signed the dishonored checks, provides:
(2) An authorized representative who signs his own name to an instrument:
(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
(b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
*38 During the pendency of the suit this statute was repealed and replaced by the legislature with section 673.4021, Florida Statutes (1993), effective January 1, 1993. Section 673.4021 provides in part:
(3) If a representative signs the name of the representative as drawer of a check without indication of the representative status and the check is payable from an account of the represented person who is identified on the check, the signer is not liable on the check if the signature is an authorized signature of the represented person.
Serna argues that the newly created statute operates retrospectively[3] to relieve him of personal liability for treble damages under section 68.065. We disagree.
Statutes that create new rights or take away existing rights, as opposed to furthering existing rights, are substantive in nature and may not be applied retroactively. Snellgrove v. Fogazzi, 616 So.2d 527, 529 (Fla. 4th DCA 1993), citing City of Lakeland v. Catinella, 129 So.2d 133, 136 (Fla. 1961); Hapney v. Central Garage, Inc., 579 So.2d 127 (Fla. 2d DCA) review denied, 591 So.2d 180 (Fla. 1991). It is well established in Florida that statutory changes which are substantive in nature are presumed to operate prospectively unless the legislature expressly manifests a contrary intention. Meek v. Layne-Western Co., 624 So.2d 345, 347 (Fla. 1st DCA 1993).
In Meek, the court rejected retroactive application of an amended statute that reduced a claimant's wage loss benefits when applied to a wage loss claim that occurred before the amendment. The Meek court reasoned that when substantive legislation changes the amount of relief available under the statute, or creates a new quantum of relief, application of such legislation to an injury that occurred before the amendment will be viewed as retroactive, and thus forbidden.
Section 673.4021 is not merely a procedural section that changes the method by which a payee can enforce his or her rights. Rather, the section substantively alters rights available to the payee, and should be prospectively applied only, absent an express legislative pronouncement that it should be retroactively applied.[4] The legislature did not provide this express intention for section 673.4021 in Chapter 92-82, section 62, at 819, Laws of Florida.
Serna signed the dishonored checks in July and August of 1992. Milanese's substantive right to collect treble damages on the worthless checks under section 673.403(2) arose in September, 1992, when it brought suit to enforce its right. The legislature created section 673.4021, effective January 1, 1993. The final judgment granting treble damages in favor of Milanese was rendered one month later, on February 3, 1993. If the statute were retrospectively applied, all the benefits to which Milanese was entitled under section 673.403 in 1992 would be effectively eradicated mid-litigation in 1993, dramatically reducing Milanese's options for recovering its undisputed damages.
We therefore find section 673.4021 confers substantive rights and thus cannot be retrospectively applied to this case. Retrospective application of section 673.4021(3) would eliminate the substantive right and remedy available to Milanese under sections 68.065 and 673.403(2).
*39 Accordingly, the order under review is affirmed.
GERSTEN, J., concurs.
BASKIN, Judge (dissenting).
I am unable to agree with the majority opinion for two reasons. First, I disagree with the majority's conclusion that section 673.403(2), Florida Statutes (1991), governs this case rather than 673.4021(3), Florida Statutes (Supp. 1992). Second, I find the majority fails to address the issue concerning whether the record reflects unresolved genuine issues of material fact regarding Jose Serna's signing capacity, even under section 673.403. I conclude that genuine issues of material fact remain unresolved and would reverse the summary judgment and remand for further proceedings.
Reviewing section 673.403(2) and section 673.4021(3), I find that the latter statute governs. Section 673.4021(3) does not diminish the substantive rights and remedies of Milanese, Inc., to collect treble damages on the dishonored checks. Milanese may still pursue a claim against Serna, individually, to recover on the checks. The new statute has merely eliminated the statutory presumption that Serna is liable individually. The elimination of the presumption where, as here, a person signs a corporate check without indicating a representative status does not take away a vested right: Milanese does not have a vested right in a method of procedure.
In Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352 (Fla. 1994), the court discussed the substantive and procedural or remedial nature of legislation, stating:
A substantive statute is presumed to operate prospectively rather than retrospectively unless the Legislature clearly expresses its intent that the statute is to operate retrospectively. This is especially true when retrospective operation of a law would impair or destroy existing rights. Procedural or remedial statutes, on the other hand, are to be applied retrospectively and are to be applied to pending cases.
As we stated in Benyard v. Wainwright, 322 So.2d 473, 475 (Fla. 1975), substantive law prescribes duties and rights and procedural law concerns the means and methods to apply and enforce those duties and rights.
Mancusi, 632 So.2d at 1358 (citations omitted). Consequently, I would hold that section 673.4021(3) is procedural or remedial in nature as it merely changes the means employed in redressing an injury and thus may be applied retrospectively.
Under section 673.4021(3), Serna is not personally liable on the checks if the statutory criteria are met, absent evidence of an agreement to the contrary. § 671.102(3), Fla. Stat. (1993). On the other hand, under section 673.403(2), Florida Statutes (1991), Serna is personally liable on the checks, unless the immediate parties establish evidence to the contrary, and the transaction meets the statutory requirements. The statute does not abrogate Milanese's substantive right to collect on the checks or to receive treble damages under section 68.065; it reallocates the burden of proof by shifting the presumption in favor of the agent. "Burden of proof requirements are procedural in nature. The procedural rights granted by the act could be abrogated retroactively because `no one has a vested right in any given mode of procedure.'" Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239, 243 (Fla. 1977) (citations omitted) (quoting Ex Parte Collett, 337 U.S. 55, 71, 69 S.Ct. 944, 953, 93 L.Ed. 1207, 1217 (1949)); see Department of Agric. & Consumer Serv. v. Bonanno, 568 So.2d 24 (Fla. 1990); Hapney v. Central Garage, Inc., 579 So.2d 127 (Fla. 2d DCA), review denied, 591 So.2d 180 (Fla. 1991). "[T]he statute does not operate to impair rights vested before enactment, create new obligations for the parties in a pre-existing legal relationship or impose new penalties on conduct which occurred before enactment." Oakbrooke Assocs., Ltd. v. Insurance Comm'r of State of Cal., 581 So.2d 943, 946 (Fla. 5th DCA 1991) (citing City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961)). Thus, section 673.4021(3) should be applied to the case before this court.[1]
*40 As to whether the trial court properly granted summary judgment in favor of Milanese under section 673.403(2), I find that Milanese failed to carry its burden of proving that no material fact issues remain unresolved.
[T]he burden of proving the absence of a genuine issue of material fact is upon the moving party. Until it is determined that the movant has successfully met this burden, the opposing party is under no obligation to show that issues do remain to be tried.
This means that before it becomes necessary to determine the legal sufficiency of the affidavits or other evidence submitted by the party moved against, it must first be determined that the movant has successfully met his burden of proving a negative, i.e., the non-existence of a genuine issue of material fact. He must prove this negative conclusively. The proof must be such as to overcome all reasonable inferences which may be drawn in favor of the opposing party.
Holl v. Talcott, 191 So.2d 40, 43 (Fla. 1966) (citations omitted). Here, Milanese's affidavit and other evidence failed to establish the absence of factual issues. Pursuant to section 673.403(2)(b), Serna is personally obligated "[e]xcept as otherwise established between the immediate parties... ." Milanese's affidavit asserts that Jemaros Investments, Inc., and Serna signed the checks. That assertion confirms the existence of a material fact issue rather than establishing the absence of such issue. Furthermore, the record contains an individual guaranty signed by Serna in which he agreed to pay individually for goods upon Jemaros' failure to remit payment. There would be no need for an individual guaranty promising payment if Serna signed the checks and remitted payment in an individual capacity. The adoption of Milanese's contention that Serna signed the checks individually would render the individual guaranty meaningless. Cf. Tampa Bay Economic Dev. Corp. v. Edman, 598 So.2d 172, 174 (Fla. 2d DCA 1992) ("For a corporation to guarantee its own debt would add nothing to its existing obligation and would be meaningless."); Central Nat'l Bank of Miami v. Muskat Corp. of Am., Inc., 430 So.2d 957 (Fla. 3d DCA 1983) (same). Instead of demonstrating the nonexistence of triable issues, the individual guaranty signed by Serna creates a material fact issue as to whether Serna signed the checks in his individual capacity. I conclude that Milanese did not carry its burden of proving the nonexistence of genuine triable issues of material facts.
For these reasons, I would reverse and remand for further proceedings.
NOTES
[1] Serna, as part of the credit application to Milanese, executed an individual guaranty "for any indebtedness incurred by virtue of any and all credit extended" to Jemaros by Milanese. Milanese did not seek recovery for the dishonored checks pursuant to Serna's personal guaranty. The trial court, on a separate count, awarded Milanese damages against Serna, under Serna's personal guarantee, for merchandise for which Jemaros did not remit payment. We affirm that portion of the judgment.
[2] Section 68.065 provides, in pertinent part: (1) In any civil action brought for the purpose of collecting a check ... the payment of which was refused by the drawee because of the lack of funds, and where the maker or drawer fails to pay the amount owing, in cash, to the payee within 30 days following a written demand ... the maker or drawer shall be liable to the payee, in addition to the amount owing upon such check ... for damages of triple the amount so owing.
[3] Some courts and commentators differentiate between "retroactive" and "retrospective" applications. The former refers to the application of a new law or case to matured rights, that is, to a case that has gone to final judgment. The latter term refers to application of a new law or case to pending controversies. See Joyner v. Monier Roof Tile, Inc., 784 F. Supp. 872, 874 n. 3 (S.D.Fla. 1992). We use the term "retrospective" in this opinion to refer to those non-final controversies concerning pre-amendment conduct.
[4] The United States Supreme Court by an 8-1 vote recently held that several of the 1991 amendments to the federal civil rights laws do not apply to conduct that occurred before their enactment. The opinions endorse a strong presumption against retroactivity of statutes that impair rights a party possessed when he acted, or impose new duties with respect to transactions already completed. Landgraf v. USI Film Products, ___ U.S. ___, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); Rivers v. Roadway Express, Inc., ___ U.S. ___, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994).
[1] The statute is remedial in nature in that it "give[s] effect to the acts and contracts of individuals according to their expressed intention." Oakbrooke Assocs., 581 So.2d at 945 (quoting In re Aloma Square, Inc., 116 B.R. 827 (M.D.Fla. 1990)). The statute was designed to remedy cases in which the representative was held responsible on a corporate check based on some evidence that the person receiving the check was not aware of the signatory's representative status. The Uniform Commercial Code Comment following section 673.4021 states, in part, that "[v]irtually all checks used today are in personalized form which identify the person on whose account the check is drawn. In this case, nobody is deceived into thinking that the person signing the check is meant to be liable. This subsection is meant to overrule cases decided under former Article 3 such as Griffin v. Ellinger, 538 S.W.2d 97 (Texas 1976)."