657 So.2d 966 (1995)
Jose Luis SERNA, Appellant,
v.
ARDE APPAREL, INC., Appellee.
Nos. 94-2912, 94-2798.
District Court of Appeal of Florida, Third District.
July 19, 1995.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellant.
Gest & Stok and Alan B. Gest, North Miami Beach, for appellee.
Before SCHWARTZ, C.J., and BASKIN and LEVY, JJ.
SCHWARTZ, Chief Judge.
Under circumstances identical to those involved in Serna v. Milanese, Inc., 643 So.2d 36 (Fla. 3d DCA 1994), the same person, Serna, who was president of the corporation, signed checks of Jemaros Investments, Inc., which were presented and dishonored in 1992. Accordingly, as we held in Serna, and as the trial court correctly held here, his liability was controlled and arose under section 673.403, Florida Statutes (1991), and was not affected by section 673.4021 (1993), which became effective on January 1, 1993. Because, however, the present action was not itself filed until June 29, 1993, Serna claims the inapplicability of the prior case because of its statement that "Milanese's substantive right to collect treble damages on the worthless checks under section 673.403(2) arose in September 1992, when it brought suit to enforce its right." Serna, 643 So.2d at 38 (emphasis supplied). We reject this contention.
It is apparent that the statement relied upon  which is purely dictum upon which nothing in that case turned  was no more than an inadvertent and legally incorrect slip of the word processor. It is settled law that legal rights accrue and are fixed, not when an action is brought to enforce them, but rather when "the last element necessary to constitute the cause of action occurs." Birnholz v. Blake, 399 So.2d 375, 377 (Fla. 3d DCA 1981); Envases Venezolanos v. Collazo, *967 559 So.2d 651 (Fla. 3d DCA 1990). Since those operative events in this case  the dishonor of the worthless checks resulting in damages to the appellee  occurred before January 1, 1993, the holding of Serna directly applies.
Affirmed.