DAVIS, J.
The Employer/Seif-Insured, City of Miami (City), appeals a workers’ compensation order awarding wage loss benefits to claimant, Raul Cairo (Cairo). Finding that the order is inconsistent on its face, not supported by competent, substantial evidence, and incorrectly applies legal precedent, we reverse.
Cairo suffered compensable injuries to his knee in 1986, 1990, 1992, 1993, and 1995. Both parties agree entitlement to benefits, if any, is based on the 1986 accident date. Although determining that the 1986 substantive law controls, the JCC concluded that Cairo was entitled to calculation of his average weekly wage based on the 1995 accident date. However, in the order the JCC stated two different effective dates from which average weekly wage should be caleulated-January 1, 1995, and January 30, 1995. Cairo conceded at oral argument that this was error. Furthermore, it appears that the JCC calculated the average weekly wage from the 1995 accident with testimony regarding Cairo’s 1998 income. There is no evidence in the record with respect to Cairo’s 1995 income. Additionally, the JCC included income from concurrent employment in the calculation of Cairo’s 1995 average weekly wage even though the record is clear that Cairo did not engage in concurrent employment after the 1993 accident.
The JCC relied on Cooper’s, Inc. v. Taylor, 556 So.2d 491 (Fla. 1st DCA 1990) in finding that Cairo was entitled to calculation of wage loss following the 1995 accident. However, Cooper’s is inapposite as the claimant in Cooper’s actually lost wages as a result of his subsequent accident while Cairo conceded at oral argument that there was no wage loss following his 1995 accident. Cooper’s, 556 So.2d at 491-492. The only claim made by Cairo is that he is entitled to wage loss based on the loss of his ability to engage in concurrent employment. There is no evidence in the record that Cairo engaged in concurrent employment thirteen weeks prior to either the 1995 accident or the 1986 accident. See § 440.14(l)(a), Fla. Stat. (1985).
For the foregoing reasons, the order on appeal is reversed and the case remanded for proceedings consistent with this opinion.
BOOTH and WOLF, JJ., concur.